Per Curiam.

We cannot reject as surplusage what may have been the ground of the conviction. A substantive charge, not sufficiently alleged in an indictment, can never be rejected as surplusage. Neither can we apply the allegation of falsity, &c., concerning the Albany bills, to the bills of the Boston Bank. It is not easy to fix any meaning to the word others; but it would be going too great a length to say that it included the words false, forged, and counterfeit. If the allegation, that the defendant well knew the bills to be false, &c., applies to the Boston bills, then no scienter is laid as to the Albany bills. It may be that the whole evidence at the trial applied exclusively to the Boston bills; and then we are called upon to reject as surplusage the only allegations upon which the conviction was had. The indictment is too loose and untechnical to be supported, (a)

Judgment arrested.

 1 Chitty, Crim. PI. 661.— Commonwealth vs. Morse, 2 Mass. Rep. 130. — Brown vs. Commonwealth, 8 Mass. Rep. 69.