## COMMONWEALTH *versus* JAMES TUCK.

Under Revised Stat. *c.* 86, § 10, by which a person convicted in the Municipa Court of the city of Boston, of an offence punishable by confinement to hard labor for a term exceeding five years, may appeal to the Supreme Judicial Court, a person convicted at the same term of the Municipal Court, of three distinct larcenies, and therefore liable to be sentenced as a common and notorious thief, to confinement to hard labor for a term exceeding five years, has a right of appeal, notwithstanding that for neither of the offences separately would he be liable to be imprisoned more than five years.

A count in an indictment, alleging that the defendant broke and entered a shop with intent to commit larceny, and did there commit larceny, is not double.

Duplicity in an indictment cannot be taken advantage of on a motion in arrest, or on error. *Semble.*

An indictment on Revised Stat. *c.* 126, § 11, which provides for the punishment of "every person who shall break and enter, in the night time, any shop, *not adjoining to, or occupied with, a dwellinghouse,*" with intent to commit a felony, must aver that the shop was not adjoining to or occupied with a dwellinghouse.

*It seems,* that the statutes have omitted to provide for the case of breaking and entering, in the night time, *a shop adjoining to, or occupied with, a dwellinghouse,* with intent to commit a felony ; also the case of larceny in a shop in the night time, as distinct from simple larceny.

*It seems,* that after conviction, a substantive charge defectively set forth in an indictment may be rejected as surplusage.

Before a jury is empannelled to try an indictment, and also after conviction, the attorney general has power to enter a *nolle prosequi* without the consent of the defendant ; but not while the case is before the jury.

A *nolle prosequi* may be entered as to the whole of an indictment or of a count, or as to any distinct and substantive part.

Thus, where a defendant was convicted on a count charging that he broke and entered a shop, in the night time, with intent to commit larceny, and did commit larceny, it was *held* that the attorney general had the power to enter a *nolle prosequi* as to the breaking and entering the shop, leaving the conviction to stand in respect to the larceny.

*March 12th.* S. D. PARKER, as county attorney, informed the Court that James Tuck was in the common gaol for not recognising with surety to prosecute a supposed appeal made by him, to this Court, from a sentence of the Municipal Court of the city of Boston ; that the appeal was not authorized by law ; and that Tuck had caused the •supposed appeal to be entered on the docket of this Court ; and *Parker* moved that the appeal might be dismissed, and that a writ of mandamus might be issued to the judge of the Municipal Court, ordering him to issue a warant for the removal of Tuck to the State prison. in pursuance of the sentence of the Municipal Court.

*Austin*, Attorney General, and *S. D. Parker*, county attorney, for the Commonwealth.

*Park*, for the prisoner.

The facts are stated in the opinion of the Court ; which was delivered by

SHAW C. J.    The defendant has been indicted and convicted of three several larcenies, at the same court, on neither of which, as a separate conviction, was he liable to punishment by hard labor in the State prison over five years, and therefore, if either of the convictions had stood alone, he would not by law be allowed an appeal.    But in consequence of being thus convicted at the same term of the court, he was liable to be sentenced as a common and notorious thief, to hard labor in the State prison, for a term not exceeding twenty years.    Revised Stat. *c.* 126, § 19.    By the Revised Stat. *c.* 86, § 10, any person convicted of any offence, pun ishable by confinement to hard labor, for a term exceeding five years, may appeal.

There is no authority upon the subject, nor is the construction entirely clear.    The right of appeal is manifestly regarded by the statutes as a privilege, and a beneficial right, and it is not to be restrained by a rigid or strict construction.    The effect of the statute is to consolidate the three convictions, and to render one judgment upon them, as upon one substan tive offence.

The statute regards the offence of being a common and notorious thief, as one of a high and aggravated character, placing it, by the severity of the punishment, in that class of judgments, from which an appeal is allowed by the statute. On a comparison of the several statute provisions the Court are of opinion that the defendant in this case is entitled to his appeal.    The effect will be, to give another trial, on each of the indictments, in this Court.

*Motion to dismiss the appeal and award a mandamus over ruled.*

After the foregoing decision, the prisoner was tried, at this term, upon the three indictments for larceny, and convicted upon two of them.    He was likewise tried and convicted upon

Common-<br>wealth<br>*v.*<br>Tuck.

*March 17th*

an indictment, containing only one count, which alleged that on May 22, 1836, the prisoner, " at Boston aforesaid, with force and arms, in the night time, the shop of one James H. Foster and one Charles S. Foster there situate, did break and enter, with an intent to commit the crime of larceny, and sundry pieces of copper coin," &c. of the value of more than 100 dollars, " of the property of the said Fosters, in their shop aforesaid in their possession then and there being, did then and there feloniously steal, take and carry away."

The prisoner moved in arrest of judgment, for the following, among other reasons.

1. Because the indictment, if understood as alleging a single offence, sets forth no offence known either to the statute or the common law.

2. Because the indictment, in one single count, alleges, as one offence, two distinct criminal acts, shop-breaking and larceny, one of which, if it be an offence, is made so by statute, and the other of which is an offence at common law ; and which ought therefore, if joined in one indictment, to be set forth distinctly and specifically, in several counts.

3. Because, if the allegation of " stealing, taking and carrying away " the property described, be intended as a mere qualifying or explanatory clause, then the indictment is erroneous and void, because it does not bring the offence charged and described, within all the material words of the statute, in that it does not allege that the offence was committed in " a shop not adjoining to, or occupied with, a dwellinghouse."

June 19th.    Bolles, in support of the motion.    The St. 1804, c. 143, § 4, provides that if any person, in the night time, shall break and enter any shop not adjoining to or occupied with a dwellinghouse, and shall there *commit a larceny*, he shall be punished, &c.    The indictment is copied from a precedent in Davis applicable to this provision ; but the statute of 1804 is repealed, and there is no statute now in force making this compound act an offence.    The Revised Stat. c. 126, § 11, on which it was designed that this prosecution should rest, provides against breaking and entering, in the night time, a shop not adjoining to, or occupied with, a dwellinghouse, *with intent* to commit larceny, but does not provide

for the case of an actual larceny committed under such circumstances    That the compound offence set forth is an offence at common law, will not be pretended.

The indictment is bad, because it charges two distinct felonies in one count, shop-breaking with intent to steal, and larceny.    Two felonies, unless they are of the same character, ought not to be charged, even in separate counts, in the same indictment.    1 Stark. Crim. Pl. (2d edit.) 39, 245.    The practice of joining two felonies in one count, where a less offence is included in a greater, as in the case of breaking and entering a dwellinghouse in the night time, accompanied with larceny, is not an exception to the rule, for the larceny is a part of the burglary.    Archb. Crim. Pl. 25 ;  *Vandercomb's case*, 2 Leach, 828 ; 2 Russell on Crimes, 950.

The omission to describe the shop as *not adjoining to a dwellinghouse*, is fatal to the indictment.    The charge is not brought within the essential words of the statute.    The indictment is not for *larceny*, but for *shop-breaking* ; the allegation of larceny is for aggravation or to show the *quo animo*. *Rex* v. *Horne*, Cowp. 682 ; *The King* v. *Mason*, 2 T. R. 586 ; *Commonwealth* v. *Pray*, 13 Pick. 362 ; Foster, 423, 424 ; 1 Hale's P. C. 517 ; 2 Hale's P. C. 170 ; *Commonwealth* v. *M'Monagle*, 1 Mass. R. 517.    Every fact charged in this indictment may be true, and still the prisoner not be guilty of any offence.    *Rex* v. *Lyme Regis*, 1 Doug. 153 ; *Rex* v. *Haynes* 4 Maule & Selw. 214 ; 2 Hawk. P. C. c. 25, § 110 ; *Rex* v. *Pemberton*, 2 Burr. 1037 ; 1 Stark. Crim. Pl. (2d edit.) 219.    The rule is clear, that if the *enacting* clause contains exceptions, the indictment must negative that the defendant is within the exceptions.    Archb. Crim. Pl. 25, 141 ; *Rex* v. *Jarvis*, 1 Burr. 148 ; *Commonwealth* v. *Maxwell*, 2 Pick. 139 ; *Rex* v. *Pratten*, 6 T. R. 559.

*Austin*, Attorney General, said that the substantial charge was the larceny, and that he was willing to enter a *nolle prosequi* as to all the aggravation ; that the allegation of the shopbreaking might be rejected as surplusage ; *Commonwealth* v. *Pray*, 13 Pick. 362 ; that the indictment was not liable to the objection of duplicity ; *Commonwealth* v. *Eaton*, 15 Pick. 273 ; Archb. Crim. Pl. 25 ; 1 Stark  Crim. Pl. 246 ;

Common-
wealth
*v.*
Tuck.

2 Russell on Crimes, 950 ; 1 Hale's P. C. 559, 560 ; *Withai and Overand's case,* 1 Leach, 102 ; *Fuller's case,* 2 Leach, 916 ; *Rex* v. *Moss,* Russell & Ryan, 520 ; that if the allegation of breaking and entering were rejected as surplusage, the want of negative averments would be immaterial : but that the law would presume, it being for the benefit of the prisoner, that the shop did not adjoin to a dwellinghouse ; 1 Chit Crim. Law, 558 ; *Commonwealth* v. *Maxwell,* 2 Pick. 139 ; 2 Wheeler's Crim. Cases, 252.

*Bolles,* in reply, said that the words proposed to be rejected, may have been the ground of the conviction, and therefore could not be struck out as surplusage. *Commonwealth* v. *Atwood,* 11 Mass. R. 93.

June 27th.

He subsequently argued, that after the verdict the attorney general cannot enter a *nolle prosequi* as to a count or part of a count, to the disadvantage of the prisoner and against his wishes. Such a course would subject this prisoner to great hardship, inasmuch as he would thereby stand convicted of three larcenies and be liable to a severe sentence as a common and notorious thief.

June 29th.

MORTON J. delivered the opinion of the Court. Several objections have been made against the indictment and urged with ingenuity and force. Although they may be inconsistent with each other, yet their inconsistency is no fatal infirmity, and if either of them is well founded and incurable, it must prevail. Some of them deserve serious consideration.

The first objection is duplicity. It is argued that the indictment in one count charges two distinct substantive offences, *shop-breaking* and *larceny.* This objection assumes that both crimes are well charged. Two questions arise upon this point. Is the indictment double ? and if so, is the objection seasonably taken ?

The general rule, unquestionably, is, that two or more crimes cannot be joined in the same count of an indictment. Archb. Crim. Pl. 25. This rule, which is not only convenient in practice, but essential to the rights of the accused and important to the due administration of criminal law, should not be disregarded. But it has exceptions. Where two crimes are of the same nature and necessarily so connected that they

*may,* and when both are committed *must* constitute but one le-
gal offence, they should be included in one charge. Familiar
examples of these are, *assault and battery,* and *burglary.* An
indictment for the latter is similar to the one before us.
1 Stark. Crim. Pl. (2d ed.) 39. An *assault* and *battery* is
really but one crime. The latter includes the former. A
person may be convicted of the former and acquitted of the
latter, but not *vice versâ.* They must therefore be charged as
one offence. Bul. N. P. 15. So in burglary, where the
indictment charges a breaking and entry with an intent to steal
and an *actual stealing,* (which is the common form,) the jury
may acquit of the burglary and convict of the larceny, but
cannot convict of the *burglary* and *larceny* as two distinct
offences. The latter is merged in the former, and they con-
stitute but one offence. *Rex* v. *Withal,* 1 Leach, 102.

It is difficult to distinguish the case at bar from burglary.
An indictment setting forth that the defendant broke and en-
tered the shop with *intent to steal,* would be good. Can the
addition of the fact that he *did steal,* which is the best evidence
of his intention, vitiate the indictment ? We cannot perceive
that it does. It is true the main charge might be established
without proof of the larceny, and the larceny might be estab
lished without proof of the breaking and entry ; but wherein
does this differ from burglary ? The principles governing
both seem to be the same.

But even if duplicity existed in this indictment, it may well
be doubted whether the objection does not come too late. In
civil actions duplicity is cured by general demurrer or by
pleading over. Archb. Pl. and Ev. 96. And in criminal
cases it is extremely doubtful whether it can be taken advan-
tage of in arrest or error. Archb. Crim. Pl. 21. See
*Commonwealth* v. *Eaton,* 15 Pick. 273. Indeed, we think
the better opinion is, that it cannot.

It is true, that the statute of jeofails does not extend to
criminal prosecutions. A *defective* indictment cannot be cured
by verdict. If the crime be not correctly described, no
judgment can be rendered either upon verdict or plea of
guilty. 2 Hale's P. C. 193 ; *Commonwealth* v. *Morse,* 2
Mass. R. 130 ; *Commonwealth* v. *Hearsey,* 1 Mass. R. 137.

.But the objection now under consideration is totally differ ent. It is not that the offence is defectively set forth, but that more than one offence is sufficiently set forth in the same indictment. The only argument which lies against the latter is, that it subjects the defendant to inconvenience and danger by requiring him to prepare himself to meet several charges at the same time. The appropriate remedy would be a motion to the Court to quash the indictment, or to confine the prosecutor to some one of the charges. Archb. Crim. Pl. 3.

Another and more important objection is, that the allegations in the indictment do not bring the offence within the provisions of the statute upon which it is founded. It was undoubtedly intended to be drawn upon the 11th section of the 126th chapter of the Revised Statutes.

The crime described in this section is that of breaking and entering in the night time, a shop *not adjoining to, or occupied with, a dwellinghouse,* with intent to commit larceny or other felony. The indictment omits the words " *not adjoining to, or occupied with a dwellinghouse.*" Is this a fatal omission ?

The strict rules of criminal pleading require that all the facts constituting the offence should be set forth as particularly as the nature of the case will admit. An indictment upon a statute must pursue the words of the statute so far as to bring the offence precisely within them. 2 Hale's P. C. 170. Every fact which is a necessary ingredient of the offence, must be clearly and specifically stated. Archb. Crim. Pl. 15.

And not only is an *affirmative* averment of all circumstances necessary to bring the matter within the statute requisite, but if there be an exception in the clause of the act which creates the offence, it must be shown *negatively* that the matter is not within the exception. Archb. Crim. Pl. 141 ; *Spieres* v. *Parker,* 1 T. R. 141 ; *The King* v. *Hall,* 1 T. R. 322. And Lord *Mansfield* says that it is a known distinction, that what comes by way of proviso in a statute must be insisted upon by way of defence by the party accused, but where there are ex ceptions in the enacting part of a law, it must appear in the indictment that the defendant is not within any of them. *Rex* v. *Jarvis,* 1 East, Rep. 644, note ; *Rex* v. *Bell,* Foster's Cr Law, 430 ; *Rex* v. *Jarvis,* 1 Burr. 148. The rules and dis-

tinctions applicable to this point are clearly and accurately explained in *Commonwealth* v. *Maxwell*, 2 Pick. 138.

It is also laid down, and seems to be a very reasonable rule, that a negative description must be averred whenever it is an essential ingredient of the crime. 1 Stark. Crim. Pl. (2d ed.) 172. And it cannot be doubted that an indictment must be bad, when every averment contained in it may be true and still the defendant be guilty of no legal offence. 1 Stark. Crim. Pl. (2d ed.) 219 ; 2 Hale's P. C. 170.

The defendant's counsel contends that to break and enter, in the night time, a shop *adjoining to or occupied with, a dwellinghouse*, is not prohibited by the statute. If this be so, it is a singular omission, and must have been an accidental oversight of the legislature. And yet a critical examination of the statute by the strict rules of construction usually applied to penal statutes, seems to support this suggestion. The 11th section prohibits the breaking and entering, in the night time, a *shop not adjoining to, or occupied with, a dwellinghouse*, with a felonious intent. The 12th and 13th sections prohibit the *entering* in the night or the *breaking and entering*, in the daytime, of any shop with such intent. The 14th section punishes larceny in a shop, in the daytime. But I do not find any provision for punishing larceny in a shop in the night, nor the breaking and entering, in the night time, a *shop*. Unless the shop be so adjoining to or occupied with a dwellinghouse as to be parcel of it or within its curtilage, a burglary of it would not be punishable. It would therefore seem to be questionable, whether the above rules of pleading do not require the indictment to describe the shop in the words of the 11th section, in order to bring the *shop-breaking* within the statute.

But the attorney general contends that if this be so, and the offence be not brought within the 11th section, yet that this defective description is immaterial, and may be rejected as surplusage. He argues, that in this view of the case, the allegation of the breaking of the shop is of no more importance than if it had been alleged that the larceny was committed in a stagecoach or a railroad car ; that it need not be proved and can have no legitimate bearing upon the charge of larceny. It is like any other irrelevant circumstance alleged in aggravation of the offence

There is no doubt that the larceny is well alleged. And it is not easy to answer the reasoning of the attorney general But for the case of the *Commonwealth* v. *Atwood*, 11 Mass R. 93, we should at once have yielded to it. In that case i is expressly stated, " that a substantive charge, not sufficiently alleged in an indictment, cannot be rejected as surplusage." The case at bar comes within this principle. If the indictment had been properly drawn, it undoubtedly would have contained two charges, of either of which the defendant might have been convicted and acquitted of the other. He might have been convicted of the whole compound statute offence, consisting of the breaking and entry with a felonious intent, including the larceny ; or he might have been convicted of the larceny and acquitted of the breaking and entry. The only reason why the defendant may not now be sentenced for the whole offence, is the supposed defect of the indictment, in the description of the shop. It would seem therefore to be a substantive charge defectively set forth, in the very words of the judgment in *Atwood's* case.

This appears to be a prompt decision, the reasons for which were not written out by the Court. We doubt whether it was fully considered. The recent case of the *Commonwealth* v. *Pray*, 13 Pick. 359, though not expressly referring to *Commonwealth* v. *Atwood*, went on ground inconsistent with that upon which the latter was decided, and strongly tended to shake its authority.

The attorney general, aware of these difficulties, though not admitting that they are insurmountable, has suggested a course which, if it may properly be pursued, will avoid all the objections which have been made. He proposes to enter a *nolle prosequi* as to all that part of the indictment which relates to the breaking and the entry of the shop, leaving it to stand for the larceny only. This, of course, is objected to by the defendant's counsel. He makes a question whether the attorney general has power, after verdict and without the consent of the defendant, to enter a *nolle prosequi*.

The authority of the attorney general, when present, to conduct and manage all criminal prosecutions, is unquestionable It is his exclusive duty to do so ; and although he may seek

assistance from his brethren of the bar, yet a private prosecutor has no right to employ counsel to aid him. *Commonwealth v. Knapp*, 10 Pick. 481. The law, in the district attorneys, has provided the proper assistance. In England, the practice is entirely different. There, in ordinary cases, criminal trials are conducted by counsel employed by the private prosecutor. It is true that in many respects the duties and powers of the attorney general in England and in this Commonwealth are similar, but in others they are dissimilar and diverse. And upon the question now before us, we derive little light from English books.

There are three periods of the prosecution, in which a *nolle prosequi* may be entered,— before a jury is empannelled, while the case is before the jury, and after verdict.

In the first it is perfectly clear that a *nolle prosequi* may be entered at the pleasure of the prosecuting officer. Such is the constant practice. It may be that the indictment is defective and he may wish to procure another. He may discover that the evidence will turn out different from what he expected, and he may wish to vary the charge to make it conform to the proof. Or he may have good reasons for not wishing to prosecute at all. There may be innumerable causes for discontinuing the prosecution ; of all of which he must judge, upon his official responsibility. In many cases, the discontinuance may operate to the prejudice of the defendant, but never to the injury of his legal rights. It is not to be presumed that this officer will violate his duty or act oppressively.

But when a jury is empannelled for the trial of an indictment, the defendant then acquires new rights, which the Court will protect. Whether a jury shall be empannelled, or not, for his trial, depends upon the will of the attorney general. But when once put on his trial, and a jury sworn for that purpose, it is his right to have them pass upon his case. Their verdict will be a bar to another indictment for the same offence. A *nolle prosequi* will not. He is entitled to this bar. The attorney general finding his evidence insufficient, might discontinue for the purpose of commencing another prosecution, and then subjecting the defendant to another trial. This the law will not permit. In this stage of the proceedings a

*nolle prosequi* cannot be entered without the consent of the de
fendant. 2 Burr's Trial.

After a verdict of guilty is rendered, the defendant is to be
sentenced on motion of the attorney general ; and we have no
doubt of his authority to enter a *nolle prosequi* after verdict.
It cannot operate to the injury of the defendant. If the in-
dictment is sufficient, this act of the attorney general saves him
from the sentence of the law. If it be insufficient, it can do
him no harm, for no judgment could be rendered upon the
indictment, and so it would not bar another indictment.

This practice of entering a *nolle prosequi* after verdict, has
prevailed without objection, for many years. The power is
found to be highly useful, if not necessary, to the due adminis-
tration of criminal law. Many cases may occur in which its
exercise would be very beneficial. It may be discovered after
verdict, that the defendant, though convicted, is really inno-
cent. It may become important to use him as a witness.

The power to enter a *nolle prosequi* is held by the attorney
general *virtute officii*. He exerts it upon his official responsi-
bility. The Court has no right to interfere with its exercise
They can only judge of the effect of the act when done, and
of the legal consequences which may follow from it. They
will take care that it shall not operate to the prejudice of the
defendant's rights.

If the attorney general may enter a *nolle prosequi* as to the
whole of an indictment, or of a count, so he may do it as to
any distinct and substantive part of it.

This subject has been before the Court in two or three
cases, and in one of them was pretty fully considered. The
cases of *Commonwealth* v. *M'Monagle* and *Commonwealth* v.
*Lewis*, 1 Mass. R. 517, are precisely parallel to this, and if
they are law, are decisive of it. In these cases the defend-
ants were indicted for breaking and entering a *store* in the night
time with *intent to steal* and *stealing* certain property. After
verdict, a motion was made in arrest of judgment, on the
ground that the term *store* was not used in the statute then in
force ; and therefore that the indictment for the breaking of
the store was not within the statute. The Court being inclined
to this opinion, the solicitor general, upon their suggestion,

entered a *nolle prosequi* as to this part of the indictment, and the defendants were sentenced for the larceny.

In the case of *Commonwealth* v. *Briggs*, 7 Pick. 177, the subject was more fully examined. The defendant was indicted for receiving stolen goods, knowing them to be stolen. The indictment contained, by way of aggravation, an allegation that the defendant had before been convicted of the like offence. A general verdict of guilty was returned. A motion for a new trial was made, because no evidence was given that he was the same person who had before been convicted. After the Court had expressed an opinion in favor of the motion, the attorney general entered a *nolle prosequi* as to all that related to the former conviction, and moved for sentence on the residue. The Court recognised the correctness of his course, but fearing that the jury might have been influenced by the evidence of the former conviction, in their discretion, refused the motion and granted a new trial, upon which the defendant was afterwards convicted and sentenced.

This doctrine I find recognised in one respectable English authority, and questioned by none. In *Rex* v. *Moss et al.* 1 Russell & Ryan, 520, where the defendants were convicted generally of burglary, Baron *Hullock* expressed the opinion, that a *nolle prosequi* might be entered as to the burglary and sentence passed for the larceny.

Upon full consideration, we are well satisfied that the attorney general possesses the power which he proposes to exercise in this case. Nor can we perceive the danger in it which the defendant's counsel apprehends. It can never make good a defective description of a crime. It can never help out insufficient evidence. It can only remove distinct, substantive allegations, whether perfectly or imperfectly made. It will never be permitted to operate to the injury of the legal rights of the defendant.

The verdict finds every fact sufficiently set forth, to be true. The larceny is well alleged. The defendant has been duly convicted of it. Whether the jury found in their minds that he was guilty of the breaking or entering the shop, or that he committed the larceny elsewhere, cannot diminish that crime.

Commonwealth<br>v.<br>Tuck.

On the whole, the attorney general having entered a *nolle prosequi* as proposed, we are of opinion that the defendant be sentenced for the larceny, under the 17th section of the 126th chapter of the Revised Statutes.