# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTIES OF SUFFOLK AND NANTUCKET, MARCH TERM 1839, AT BOSTON.

##### PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE,      } Justices.
Hon. MARCUS MORTON,
Hon. CHARLES A. DEWEY,

---

## COMMONWEALTH *versus* JOSEPH S. HOPE.

A count in an indictment charging the breaking and entering a dwellinghouse with intent to steal, and actually stealing therefrom, is.not bad for duplicity.

Upon a general verdict of guilty, on an indictment charging the breaking and entering a dwellinghouse in the daytime, with intent to steal, and actually stealing therefrom, the convict is to be sentenced as for housebreaking, and is not liable to a distinct sentence for larceny.

The larceny included in the general conviction of such combined offence, is in no case to be considered as one of " three distinct larcenies," rendering a party liable to be adjudged a common and notorious thief, under Revised Stat. c. 126, § 19 ; consequently where a prisoner was convicted at the same term of the Municipal Court of three such combined offences, from no one of which convictions taken by itself could he by law appeal, and he was erroneously sentenced on the three together to imprisonment for more than five years, as a common and notorious thief, it was *held* that an appeal from such sentence could not be sustained.

This provision, under which a party may be adjudged a common and notorious thief, applies as well to aggravated as to simple larcenies.

SHAW C. J. delivered the opinion of the Court. The question in this case is, whether the appeal taken in the present

*Feb 4th, 1839*

VOL. XXII.                    1

case by the defendant, ought to be allowed. It appears that in the Municipal Court, he was indicted upon four distinct charges of housebreaking in the daytime. In each of these cases, the indictment charges that he, either by himself, or with others, broke and entered a dwellinghouse in the daytime, with an intent to steal, and did then and there steal, take and carry away certain property, specially described. Each therefore contains a substantive charge of housebreaking with a felonious intent, and of actual larceny in a dwellinghouse, either of which is a distinct offence by the statute.

In the Municipal Court, these were considered as convictions of larceny, within the meaning of the Revised Statutes, *c.* 126, § 19, and thereupon the defendant was sentenced as a common and notorious thief. The provision of that section is, that every person who shall be convicted at the same term of the court, either as principal or accessory before the fact, in three distinct larcenies, shall be deemed a common and notorious thief, and shall be punished by imprisonment in the State prison, not more than twenty years.

In the case of *Commonwealth* v. *Tuck*, 20 Pick. 356, it was held that a person thus convicted, was within the provision of the Revised Statutes, *c.* 86, § 10, which allows a right of appeal, upon conviction of an offence punishable by imprisonment in the State prison, for a term exceeding five years. It may be proper to remark here, that the three convictions, upon which the defendant in the case cited, was sentenced, and from which conviction and sentence he appealed, were charges of larceny only, without the charge of shopbreaking, or housebreaking ; and the question which afterwards arose in the same cause, after trial, in this Court, and in which the question was whether the charge of shopbreaking and larceny, and a conviction of larceny only, were within the statute, arose in consequence of his having been acquitted on the appeal, of one of the three indictments for larceny only, of which he had been convicted in the Municipal Court.

Then the question is, whether a conviction upon the combined charge of housebreaking and larceny, is to be considered as one of the distinct larcenies contemplated by the 19th section of the 126th chapter of the Revised Statutes  If it

is, then the defendant was convicted of three distinct larcenies, he was rightly adjudged a common and notorious thief, and was rightly convicted and sentenced accordingly ; but if this combined charge of housebreaking and larceny is not one of the larcenies there contemplated, then the defendant was liable to be sentenced on each of those convictions separately, and not as a notorious thief. On neither of those convictions separately, would he have been liable to a punishment, by imprisonment, for a term exceeding five years, and then, by the statute cited, he would not have been entitled to an appeal.

One construction of this statute contended for, is, that the 19th section, by which one may be adjudged a common and notorious thief, and punished accordingly, applies only to simple larcenies, that is, stealing property, without any of the aggravations mentioned in different sections. By this construction, stealing from a dwellinghouse, office, bank, shop or warehouse, c. 126, § 14, — stealing from a building on fire, § 15, — stealing from the person of another, § 16, — would not be larcenies, within the meaning of the 19th section rendering one liable to be punished as a common and notorious thief. But we think this cannot be the true construction of the statute. In each of these cases the larceny is not only the *gist* of the offence, but is all which the law regards as an offence. In each case, it is the stealing of property, it is theft, but more atrocious, as it manifests more boldness, cunning or disregard of the rights of others. Where therefore nothing criminal but larceny, is charged, it comes within the 19th section, because though aggravated by the various circumstances of force or fraud, mentioned in the statute, it is still larceny and larceny only.

The question recurs, whether the combined charge of housebreaking and larceny, is to be considered as falling under the same conditions. It is contended by the defendant, that though the indictment charges housebreaking, yet it does also charge a larceny, with all the circumstances, and all the precision, which would be requisite upon an indictment for larceny, if that were the only offence charged, and in fact, one so charged may be acquitted of the housebreaking and may be convicted of the larceny only.

The question is certainly attended with great difficulty, and requires a careful consideration. The indictment in effect sets forth *two distinct offences*, either of which, if set forth alone, would warrant a conviction and subject the convict to punishment, under the statute.

Is such a mode of declaring double, is it bad for duplicity, may two distinct judgments be rendered upon it ? Or is it to be regarded as a larceny aggravated by breaking the dwelling-house, and punished upon the 14th section as stealing from the dwellinghouse in the daytime, or is it to be regarded as the breaking of a dwellinghouse, with an intent to steal, manifested by an actual larceny and punished on the 13th section as for breaking and entering a dwellinghouse, in the daytime, with an intent to steal ? In order the better to meet these inquiries, to understand the subject and come to some satisfactory conclusion, it seems necessary to examine the principles of the common law, the ancient statutes which were in force before the emigration of our ancestors to this country, and which are adopted here as common law, and the modes of proceeding which have been long in use in like cases. It will be also necessary to consider the different statutes of this Commonwealth on the same subject. This mode of charging the double offence of housebreaking and theft, when used in regard to burglary properly so called, that of breaking and entering a dwellinghouse in the night time, and the kindred offence of breaking and entering dwellinghouses and other buildings in the daytime, seems to have been long in use and has not been considered obnoxious to the charge of duplicity.

House-breaking with a felonious intent has always been considered a crime of an aggravated nature ; if committed in the night time, it has been, both in England and in this country, a capital offence. Lord *Hale* says, " the common genus of offences, that comes under the name of *hamsecken*, is that which is usually called housebreaking, which sometimes comes under the common appellation of *burglary*, whether committed in the day or the night, to the intent to commit felony." 1 Hale's P. C. 547. And again, *p.* 559 ; " to make up burglary, it must not be only to break and enter a house in the night time, but either a felony must be committed in the house, or it must

be to the intent to commit a felony." It is therefore quite sufficient to lay the breaking and entering with intent to commit a larceny or other felony ; yet the usual course is also to add the averment, that he did then and there steal, take and carry away property, that is, actually commit the larceny intended. And in such case, says Lord *Hale*, the indictment compriseth two offences, burglary and felony, and therefore he may be acquitted of the burglary, if the case be so upon the evidence, and found guilty only of the felony, that is, the larceny. *p.* 559. Although in a certain sense such an indictment charges two offences, and this has long been the established mode of proceeding in burglary, it is believed that no instance can be found, where there have been two punishments on such an indictment, and therefore such a mode of proceeding seems not open to the charge of duplicity. Upon a general conviction, the jury finding all the averments true, the charge of larceny is considered as embraced in the charge of burglary, and one punishment is imposed, as upon one combined offence. The form of indictment usual in burglary is given in 2 East's P. C. 512, charging the breaking and entering, and the actual theft. The reason suggested in several of the books is, that the fact of stealing is the strongest evidence of the felonious intent, an allegation of it, equivalent to an averment of that intent. And in *Rex* v. *Locost et al.* Kel. 30, it was held, that though the intended felony were actually committed, it is enough to lay the breaking and entering to be with an intent to commit it. And so it is held, that the breaking and entering may be laid with different felonious intents, and yet the indictment is not obnoxious to the charge of duplicity. And the indictment may be laid as in the present case, with an intent to steal. and with actually stealing, and this is not double, and the accused may then be convicted of the whole, or either the burglary or the larceny separately. East's P. C. 515, 516.

The reason for this mode of framing the indictment is suggested by Mr. East, in a note to *p.* 520, that the true definition of burglary is, breaking, &c. with intent to commit felony, of which the actual commission is so strong a presumptive evidence, that the law has adopted it, and admits it to be equivalent to a charge of the intent in the indictment. There-

fore the charge of the intent is supported by proof of the fact, though the reverse of this would not be true.

Taking this to be the correct view of the law, and to be sufficient to account for a practice of framing indictments, which would seem to be a violation of the rule of law that prohibits the charging of different offences in the same indictment, and *a fortiori* in the same count, it follows, that charging the breaking and entering and actual felony being considered as equivalent to charging a breaking and entry with an intent to commit a felony, then the case is within the 13th section of the statute, and the convict, upon a general finding, is to be punished as for a house-breaking, and not under the 14th section, as for a larceny in a dwellinghouse.

It is believed that the mode of proceeding in burglary and housebreaking here indicated, has been uniformly adopted in this Commonwealth, and upon conviction the punishment has been regulated by the statutes applicable to those offences, and the conviction not treated as a conviction of larceny. And although, in strict construction, the facts charged constitute two distinct statute offences, to wit, breaking and entering a dwellinghouse, with intent to steal, and stealing in a dwellinghouse, yet practically, as the whole consists in one fact, the conviction and sentence upon one, have been held to embrace the other.

Lord *Hale*, whose judgment and experience render him a judge of the highest authority upon this subject, says, (1 P. C. 560,) " and I think that as the offences of burglary and felony may be joined in the same indictment, so three offences may be joined in the same indictment, and if he be acquitted of the one, he may be convicted of the other two, as namely for burglary, for felony, and for felony upon the statute of 5 & 6 *Ed.* 6, *c.* 9," that is, for breaking and entering a house and putting the owner or his family in fear. And yet it is manifest from the context, that this is not charging two or three offences in such a sense, that if convicted of the whole the party is liable to more than one sentence and punishment ; but the book goes on to state how the judgment is to be rendered in case of a general verdict on such an indictment, and how it shall be rendered in case some one of the facts is not substantiated by the proof and is negatived by the verdict.

So we think, that on an indictment like the present, charging the breaking and entering a dwellinghouse in the daytime and actually stealing therefrom goods described, the latter averment of actually stealing is to be regarded as equivalent to alleging the intent to steal, and that a general verdict finding all the facts, would subject the party to the punishment provided by statute for breaking and entering, with an intent to steal, and that one judgment would be properly rendered accordingly. But if the proof of breaking and entering should fail, and the fact of stealing in the dwellinghouse should be proved, the verdict would so find, and the sentence follow, annexed by statute to that offence. But if the fact of stealing only were found, and it were found to be not in a dwellinghouse, the jury might well find that part of the charge, and it would be the proper basis for a judgment as for simple larceny.

It is very manifest, that breaking and entering a dwellinghouse in the daytime with an intent to steal, and stealing in a dwellinghouse, whether by means of breaking and entering or otherwise, are two distinct statute offences, each subjecting the party to a liability to five years' imprisonment. It is also obvious, that the one fact of breaking, entering and stealing necessarily constitutes both of these offences. We are not aware of any instance, in which two several indictments have been brought in such a case, and probably the reason may be, because it has been usual to charge the whole as one compound offence, as in the present case, and then the larceny being embraced, it may seem not properly to be the subject of a separate indictment. Whether in a case where the felonious intent, and not the fact of stealing, is charged, a separate indictment would lie for the larceny, we give no opinion.

It has been held on great consideration, that an acquittal on an indictment for burglary, in breaking and entering a dwellinghouse, with an intent to steal the goods of one person, is no bar to an indictment for the same breaking and entering with an intent to steal the goods of another person. But this stands upon other and peculiar grounds. *Rex* v. *Vandercom et al.* 2 East's P. C. 519.

It was considered in the argument, that a decision, that the present case is not a substantive conviction for larceny, sub-

Common-
wealth
*v.*
Hope.

jecting the party, if convicted of two other similar offences, to punishment as a common and notorious thief, would conflict with the principles adopted in the recent case of *Commonwealth* v. *Tuck*, 20 Pick. 360. That was a charge for shop-breaking, with an intent to steal and actually stealing therefrom, certain property described. That decision went mainly on the ground, that the charge of shop-breaking was not well laid, in that it did not describe the place as "a shop not adjoining to or occupied with a dwellinghouse." It was considered that the charge of larceny was the only substantive charge well laid, and the only one upon which any judgment could be rendered. It assumed that a defective averment is in many respects as no averment, in legal contemplation. But the case of *Commonwealth* v. *Atwood*, 11 Mass. R. 93, was cited, in which it was held, that a substantive averment not sufficiently charged in an indictment, cannot be rejected as surplusage. The authority of that case was questioned, to say the least, if not overruled. But in the case of *Commonwealth* v. *Tuck*, the attorney-general had entered a *nolle prosequi* to the alleged defective charge, and this was supposed to remove all question and to leave the indictment and conviction to stand only as a charge and conviction for larceny, and that the prisoner might be sentenced accordingly. But in that case it was stated, that if the indictment had been properly drawn, that is, if the shop had been well described as not connected or occupied with a dwellinghouse, it would undoubtedly have contained two charges, of either of which the defendant might have been convicted and acquitted of the other. He might have been convicted of the whole compound statute offence, consisting of the breaking and entry with a felonious intent, including the larceny ; or he might have been convicted of the larceny and acquitted of the breaking and entry.

We think the view here taken, regarding burglary and house-breaking as a distinct offence punishable by law, of which the intent to steal or commit some other felony is an ingredient or constituent part, is confirmed by the course of our own legislation on the subject. The earlier acts do not include the intent to steal or commit any other felony, as essential to the crime ;

but that is made an ingredient in the later acts, preceding the Revised Statutes.

In the Colony ordinance of 1642, it is described thus, "if any person shall commit burglary, by breaking up any dwelling-house, or shall rob," &c. This was not made capital except for the third offence. By the ordinance of 1672, this was extended to breaking open any warehouse, shop, mill, &c. Ancient Charters, &c. 56, 58. In neither of these ordinances is any distinction made between committing the offence in the night or day time, nor does it refer to the intent to steal or commit a felony.

Next comes the Province law of 4 *Will. & Mary*, in 1692, immediately after the acceptance of the Province charter. It enacts, that if any person shall commit burglary, by breaking up any dwellinghouse, warehouse, shop, mill, malt-house, barn, out-house, or any ship or vessel, &c. or shall rob, &c. he shall be subject to various punishments, and for the third offence, to death, as incorrigible, and on the first and second convictions shall pay treble damages to the party injured, as in case of theft. Ancient Charters, &c. 239. Still no distinction was made between the night and day, and no reference to a felonious intent.

Another act was passed in 1715, 1 *Geo.* 1, which, after reciting in a preamble the insufficiency of former acts, provides that if any person shall, in the night time, break and enter into any dwellinghouse then inhabited, with a felonious intent to rob or kill, or to do some other felony, he shall suffer death. Ancient Charters, &c. 407. This was repealed by the *Prov. St.* 10 *Geo.* 3, 1770, which provided the punishment of death for breaking and entering a dwellinghouse in the night time with intent to kill, rob, steal, commit rape, or do or perpetrate any felony. And by another section, the same penalty is extended to the entering a dwelling-house by night or by day, without breaking, if made with such felonious intent. Ancient Charters, &c. 669.

Thus stood the law before the Revolution, and thus it continued in force until the statute of 1784, *c.* 48, which made burglary in the night time punishable with death. Then came the statute of 1805, *c.* 101, which is very familiar, and which di-

vides this offence of burglary and housebreaking into various classes. Burglary in the night time, if the person was armed with a dangerous weapon, was punished by death; if not armed, by hard labor for life; but if the offence was committed in the daytime, the penalty was less severe. In all these cases, it is described as done with an intent to kill, rob, steal, commit rape, or to do or perpetrate any other felony.

The result of the review of our own legislation is to show, that from the earliest time, housebreaking by night and by day, has been deemed a substantive crime of great aggravation, and been punished as such; that in the earlier enactments, the intent to steal or commit other felony, was not an essential ingredient of the crime, though it was probably always regarded as the criminal motive; that afterwards, when this intent was added as an ingredient of the crime, it was still considered that housebreaking was the leading and principal offence, and the felonious intent was regarded as a modification and aggravation of the principal crime.

On the whole, the Court are of opinion, that upon an indictment like the present, charging the breaking and entering of a dwellinghouse, with an intent to steal, and actually stealing therefrom, and a general verdict of guilty, the defendant is to be sentenced as for housebreaking, and is not liable to a distinct sentence for larceny, that this is not to be considered as one of three distinct larcenies, rendering a party liable to be deemed and adjudged a common and notorious thief, and therefore to be sentenced to imprisonment for a term exceeding five years, and therefore that the defendant had no right, under the statute, to an appeal.

The appeal must be dismissed.

*S. D. Parker*, County-Attorney, for the Commonwealth.
*Bolles*, for the prisoner.