## Jack Gorman v. The State.

1. Step-father is in *loco parentis* of his wife's children by a former husband so long as they are supported and maintained by him; and he has the same right of reasonable chastisement to enforce his authority.

2. Husband's authority over the wife does not extend to corporal punishment, and any violence to her, save in self-defense, or to prevent her unwarrantable interference in the exercise of his parental authority, would be illegal.

3. Variance. Evidence of an assault upon Mary Gorman will not support a conviction upon an indictment for an assault upon Martha Gorman.

Appeal from Goliad. Tried below before Hon. D. D. Claiborne.

Jack Gorman was indicted for an assault upon Martha Gorman. The indictment charging that he " unlawfully and wick- " edly in and upon the body of Martha Gorman did make an " assault, and he, the said Jack Gorman, a certain whip in his " hand then and there had and held at, towards, against, and " upon the body of her, the said Martha Gorman, he, the said " Jack Gorman, her, the said Martha Gorman, did then " and there strike, beat, and bruise, inflicting upon her, the " said Martha Gorman (she being a female), several painful " wounds."

On the trial, Mary Gorman testified that her name was Mary Gorman, the person alleged to have been assaulted, and the wife of defendant, that in June, 1874, defendant sent *the boy* to drive up a horse that was wild and hard to pen ; the horse was running loose on the prairie ; that the boy could not drive the horse up on foot, and she took a horse that was hitched to the fence near the house and carried it to the boy, and told him to ride after the horse ; the boy did as she directed him, and drove up the horse, when defendant commenced beating him because he could not drive up the horse on foot ; that witness then " pitched " into defendant and struck

him ; defendant told witness to " stop striking" him, but she continued striking him, when he whipped her, striking her several times with a raw-hide whip ; that defendant did not hurt her very much.   *   *   *   The boy was her child by a former marriage, and that she struck defendant because he was beating the boy too hard; that when she married defendant she gave him control over her children, including the boy spoken of, but that she did not give him the right to beat him too hard ; that the boy lived with defendant and witness before the fuss, and has lived with them since; *   *   * that defendant supports witness and her children, and did so before *the fuss*, and up to the time of the difficulty treated them kindly, and has done so since.

The charge is sufficiently shown in the opinion.

The jury found defendant guilty, and assessed his fine at one hundred dollars, and he appealed.

*Lane & Payne*, for appellant.

*N. G. Kittrell*, for the State.

MOORE, J.—If the minor children of the wife are recognized and treated as members of the family of their step-father, and are supported and maintained by him, there can be no doubt that he stands to them in *loco parentis*, and may exercise the control and authority of a parent over them.   On the other hand, we think it equally clear that the mother may interfere, by force, if necessary to do so, to protect her child from cruel treatment, or wanton chastisement, or abuse, by either the step-father or father.   Her right to interfere depends upon the fact whether the father has exceeded the just limits of parental authority in the extent and character of the chastisement which he is administering to the child.   If he has, the wife, by interfering for the protection of the child, does not become an aggressor.   And should the husband repel such interference by an assault upon the wife, he is in the wrong

and must be regarded as the assailant, of the grade and character indicated by the acts and circumstances of the case.

If, however, the chastisement of the child does not exceed the just limit of parental authority, the interference of the mother would be unwarranted. And the father is fully justified in using all reasonable and necessary force to protect himself and to restrain and prevent her interference. But while it is impossible to indicate with critical and exact accuracy the precise amount and character of force and resistance which may be used by the father for his protection and defense, and to prevent the unwarranted interference of the wife and mother with the exercise and discharge of his parental authority and duty; still, if it clearly appears that the husband has assailed the wife not in his own defense, or to restrain her unwarranted interference, but to punish and correct her for improper interference, then, also, he becomes an assailant, and is liable to be treated as a wrong-doer.

Whether the verdict in this case is justified by the facts, when tested by the law applicable to them (if there was no discrepancy between the indictment and the evidence), need not be discussed by us at this time. For while we do not intend to undertake an analysis of the charge given, we think it quite evident that it presented a more restricted and limited view of the authority and control which appellant was authorized to exercise over his step-child, than that given him by the law. And the charge of the court, as a whole, was, in our opinion, calculated to divert the attention of the jury from the true issues in this case. On the other hand, the first and second instructions asked by appellant, are equally calculated to mislead the jury, and, as asked, were unwarranted by the evidence.

The indictment did not charge that appellant was an "adult male." Evidently, therefore, the only ground upon which he could be convicted of an aggravated assault, was, that the alleged assault was made with a whip. It was, therefore, improper for the court to instruct the jury, as in effect it

did, that they were authorized to find him guilty of an aggravated assault, if he was an adult male, and had made an assault upon a female.

If, however, the charge of the court was strictly accurate in every particular, we would be compelled to reverse the judgment, upon the ground that it is not sustained by the evidence. The indictment charges appellant with making an assault upon *Martha* Gorman ; the proof shows that the alleged assault was upon *Mary* Gorman. As no notice was taken by counsel of this discrepancy in the record, between the indictment and statement of facts, it may be that it is the result of inadvertence or carelessness in preparing the transcript. The judgment of the court, however, cannot depend on speculations or probabilities as to the correctness or accuracy of the transcripts upon which we are required to act. If they are erroneous it is the duty of the parties interested in, or to be affected by them, to point out their errors, and to take the proper steps for their correction. When this is not done, evidently the court must treat, and act upon them, as being in all things correct, as certified by the clerk.

The judgment is reversed and the cause remanded.

Reversed and remanded.