### E. Burgamy v. The State.

Misnomer and Idem Sonans. — "Abie" and "Avie" are neither the same name nor *idem sonans*. Hence, when an indictment charged an assault on Miss "Abie" B., and the proof was that her true name was Oviczine B., but that her given name was sometimes called Ovie and sometimes Avie, the variance between the allegation and the proof was material, and the conviction cannot be sustained.

APPEAL from the County Court of Smith. Tried below before the Hon. G. W. SMITH.

The opinion states the case.

*Reaves, Dodd & Reaves,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WHITE, J. The indictment charges the assault to have been committed by appellant upon Miss Abie Burgamy. The evidence of the assaulted party, who was the only witness examined in the case with regard to her name, was " that her maiden name was Oviezine Burgamy.   *   *   * That some people called her Ovie, and sometimes they called her Avie."

The question is whether or not there is a fatal variance between the name of the party alleged to be assaulted, as set forth in the indictment, and the name as proven. The name of the party assaulted must be proved as alleged ; but if the name alleged and the one proved differ only in the spelling, but are *idem sonans,* the variance is immaterial. *Goode* v. *The State,* 2 Texas Ct. App. 520.

In this case the names are neither spelled alike, nor are they *idem sonans.* See *Gorman* v. *The State,* 42 Texas, 221, where it was held that evidence of an assault upon Mary Gorman will not support a conviction upon an indictment for an assault upon Martha Gorman.

In *Parchman* v. *The State,* 2 Texas Ct. App. 228, it was held that *Franks* and *Frank* are neither the same name nor *idem sonans.* And, so, where the counterfeit bank-note was described in the indictment as payable to E. Cymour, and the note produced in evidence was payable to E. Segmour, the variance was held fatal. *Porter* v. *The State,* 15 Ind. 433. See, also, *Roberts* v. *The State,* 2 Texas Ct. App. 4 ;.

*Shields* v. *Hunt*, 45 Texas, 424; *McRee* v. *Brown*, 45 Texas, 503.

Because of a fatal variance between the allegation and proof of the name of the party assaulted, the judgment of the court below is reversed, and the case remanded.

*Reversed and remanded.*