## A. MARWILSKY v. THE STATE.

1. SWINDLING — EVIDENCE — VARIANCE. — Appellant was convicted of swindling by means of false pretense, upon an information which charged that he and another obtained *nine* dollars from one H. on the false pretense that H. was indebted to them in that sum of money. The entire proof showed that the amount claimed and obtained by the accused was *six* dollars, instead of nine as alleged. *Held*, that the evidence does not correspond with the allegation, nor suffice to support the conviction.

2. EVIDENCE. — Acts done or declarations made by one conspirator after the consummation of the unlawful enterprise are not evidence against another conspirator.

3. SAME — PREDICATE. — To make one defendant amenable for the acts or declarations of his co-defendant, there must be proof of complicity between them. Note the declaration of the defendant relied on for this purpose in the present case, but held to be irrelevant.

4. PLEADING. — If matter of inducement be pleaded, it should not be blended with the allegations charging the gist of the offence; and those allegations should be made positively, and not merely by way of inference or recital.

APPEAL from the County Court of Smith. Tried below before the Hon. J. M. LOGAN, County Judge.

The appellant and one M. Litman were jointly charged by an information with swindling Priscilla Hall by means of a false and fraudulent pretense. The body of the pleading alleged that on October 17, 1879, they did " fraudulently obtain and acquire from the said Priscilla Hall, who was then and there an ignorant colored woman, nine dollars of lawful money of the United States, of the value of nine dollars, the corporeal personal property of her, the said Priscilla Hall, by means of the false and fraudulent pretence,

then and there made by the said M. Litman and A. Marwilsky to the said Priscilla Hall, and which they, the said M. Litman and A. Marwilsky, then and there knew to be false, and which she, the said Priscilla Hall, then and there believed to be true, that she, the said Priscilla Hall, had by purchase of goods from them, the said M. Litman and A. Marwilsky, become indebted to them, the said M. Litman and A. Marwilsky, in the sum of nine dollars; whereas in truth and fact she, the said Priscilla Hall, had not, by purchase of goods or otherwise, become indebted to them, the said Litman and Marwilsky, in the sum of nine dollars, or any other sum; that by means of the said false and fraudulent pretence made as aforesaid by the said M. Litman and A. Marwilsky to the said Priscilla Hall, who was an ignorant and uneducated colored woman as aforesaid, they, the said M. Litman and A. Marwilsky, did obtain of and from the said Priscilla Hall the said sum of nine dollars, lawful money of the United States, of the value aforesaid, with the fraudulent and felonious intent then and there to appropriate said nine dollars to the use and benefit of them, the said M. Litman and A. Marwilsky, and to impair and destroy the rights of the said Priscilla Hall to the said nine dollars, and to cheat, defraud, and swindle her out of the same; contrary," etc.

A severance was had, and on the separate trial of the appellant the jury found a verdict of guilty, and assessed his punishment at a fine of $100 and forty-eight hours' imprisonment in the county jail.

Priscilla Hall, it appears, sold to Litman and Marwilsky, merchants at Tyler, a bale of cotton, and with a portion of the proceeds bought from them sundry articles of merchandise. This prosecution grew out of the settlement between them and her. The testimony is prolix and full of details. So much of it as is immediately pertinent to the rulings will be found in the opinion.

*W. T. Weaver* and *Horace Chilton*, for the appellant, filed an able brief.

*Thomas Ball*, Assistant Attorney-General, for the State.

HURT, J.   The appellant was prosecuted, with one M. Litman, for swindling.   They severed, and were both convicted, and appealed separately to this court.   The information charged the pretence by which the property was obtained as follows : "That she, the said Priscilla Hall, had, by purchase of goods from them, the said M. Litman and A. Marwilsky, become indebted to them in the sum of nine dollars."   The proof upon this point is as follows : Brownfield, for the State, says that the defendant " said we had traded all that was over the amount paid to us, and six dollars besides, which we owed him."   The witness goes on to state "that Priscilla paid him the money — the six dollars." On this point Priscilla states the false pretence to have been this : " Now you owe me six dollars."

This proof evidently fails to support the charge.   This must be done.   The charge setting forth the pretences must be proved as laid in the information, or a portion of the charge, if that which is proven makes a case of swindling. *Warrington* v. *The State,* 1 Texas Ct. App. 169 ; *Hill* v. *The State*, 41 Texas, 253 ; *Collins* v. *The State*, 43 Texas, 577 ; *The Commonwealth* v. *Atwood*, 11 Mass. 93 ; *Gorman* v. *The State*, 42 Texas, 221 ; 1 Whart. Cr. Law, sect. 629.

By the first bill of exceptions it appears that the State proposed to prove by McFarland a statement made by Litman (a co-defendant) after the offence had been completed. The defendant not having been present, counsel for defendant objected, and the objection was sustained by the court ; whereupon the State withdrew the witness, and placed witness Hunt upon the stand, who stated that while a woman — who, he thinks, was a mulatto — was trading in the store of defendant and Litman, defendant, who was walking about, sometimes in the store and sometimes out, said to him : " It is a hard time to trade with freedmen so as to make any margin on our goods, after buying their cotton."   The State

recalled McFarland, who was permitted (over the objections of defendant) to relate all that occurred between Litman, Brownfield, and witness in regard to the whole transaction.

There are two objections to this evidence : First, it was too late, even if the predicate had been laid by Hunt.   The offence being consummated, the acts, declarations and doings of a co-conspirator are not admissible against his accomplice.   Second, the evidence of Hunt fails to show the conspiracy.   This remark may have been made as well at any other time as that.   There was no connection shown between the remarks of defendant and the woman ; there was a perfect want of relation to the woman or her transactions in the store ; it was general, and applied to all freedmen as well as the woman.

We do not think the objections to the information are well taken, but we suggest that from the statement of facts it appears that the inducement and false pretences are blended. The inducement is for the purpose of setting forth the circumstances which make an act an offence, but these circumstances are distinguishable from the act.   1 Bishop's Cr. Proc., sect. 555.   We respectfully refer the pleader to Archb. Cr. Pr. & Pl., p. 275, for this principle.   "The charge must be laid positively, and not inferentially, or by way of recital merely."   Whart. Cr. Law, 703 ; *Phillips* v. *The State*, 6 Texas Ct. App. 383 ; *The State* v. *Dean*, 13 Ired. 63 ; *The State* v. *Theobeau*, 30 Vt. 100 ; *Davis* v. *The State*, *ante*, p. 363, and other authorities there cited.

The court erred in admitting the evidence of the witness McFarland, and also in not granting defendant a new trial upon the ground of failure of the evidence to prove the pretences as charged in the information ; for which the judgment must be reversed and the cause remanded.

*Reversed and remanded.*