# COURT OF APPEALS OF TEXAS.

## AUSTIN TERM, 1882.

---

### FRANK SNOWDEN *v.* THE STATE.

1. ASSAULT—BATTERY.— In article 490 the Penal Code provides that violence to the person does not amount to assault or battery when inflicted in the exercise of the right of moderate restraint or correction given by the law to the parent over the child, etc. *Held,* that this provision applies not only to the real parent but also to a person who stands *in loco parentis.*

2. SAME—EVIDENCE.— In a trial for aggravated assault upon a girl fifteen years old, it was in proof that she lived with the defendant, who was her elder brother, and who provided her with board, lodging, clothing and schooling. *Held,* that such evidence entitled the defense to call upon the court to give in charge to the jury the parental right of correction recognized by article 490 of the Penal Code.

3. CHARGE OF THE COURT.— When there is evidence tending to support the exculpatory theory of the defense as well as the inculpatory theory of the State, the law applicable to both hypotheses should be given in charge to the jury.

APPEAL from the County Court of Lamar. Tried below before the Hon. W. S. MOORE, County Judge.

Appellant was charged by indictment with an aggravated assault and battery on Fannie Snowden, a female. The jury found him guilty, and assessed his punishment at a fine of $25.

The young lady herself was examined as a witness, and her testimony is given in full in the opinion of this court. It comprises all the material facts.

*Wooldridge & Phillips,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J.  The defendant, Frank Snowden, was convicted of an aggravated assault and battery, made upon one Fannie Snowden.

Fannie swears as follows: "I am the alleged injured party; am sister to defendant; am now fifteen years old. I have been living with defendant for about two years, ever since he married.  My sister and I have been living with defendant for about two years as members of his family; he has been boarding, clothing and educating us; he sent us to the free school, and also to other schools when there was any in the neighborhood.  He has always treated us kindly, and provided for us well.  We would work for him when not at school.  I remember the time I was at Mr. Harrison's house.  I never asked my brother if I could go there.  He told me when I left to come back in a short time, as he wanted us to go to work in the field.  I stayed about one hour.  I heard him calling me.  I did not go.  When I started home I met him; he then asked me if I heard him calling me. I told him I did.  He then asked me why I did not come. I told him because I did not want to.  I told him that I did not intend to work much longer.  He then gave me a push towards home; he did not strike me; he never hurt me.  The Harrison family tried several times to get me to leave brother's and get me another home.  I went home.  Defendant never had any whip, and never struck me with a whip at any time.  I went to the field to work."

Cross-examined, the witness stated: "I went and laid down on the bed after I came from the field.  I was crying when I came through the field to the house.  I went to the house before the others went to the house.  I am fifteen years old."

(Re-examined.) "I was crying about the push brother gave me; not because he hurt me, but because I was mad about it. I never went to bed on account of any injury inflicted on me by defendant. I went home before the other hands for the purpose of doing the work at the house. I think I milked the cows that evening. I usually went home to milk. I was some distance from Harrison's house when defendant and I met." There was other testimony showing that the defendant stood *in loco parentis* toward the injured party.

Under this state of case the defendant requested the court to charge the jury the law applicable to this relation between the appellant and the party injured. Art. 490, Penal Code, provides that violence used to the person does not amount to assault or battery in the following cases: 1st. "In the exercise of the right of moderate restraint or correction given by the law to the parent over the child, the guardian over the ward, the master over his apprentice, the teacher over the scholar."

Does this law shield a person who stands *in loco parentis* towards the party injured, or must he be in fact the parent? We are of the opinion that it is not necessary for the defendant to be the parent of the assaulted party, to entitle him to the provisions of the above article. *Gorman* v. *State*, 42 Texas, 221; 36 Amer. Reports, 254.

There being two theories presented in the statement of facts, the law applicable to the State's theory was given in the charge, but the court refused to give that which was demanded by the defendant's. This was error for which the judgment is reversed and cause remanded.

*Reversed and remanded.*