## JOHN MAZUREK v. THE STATE.

No. 16702.   Delivered June 27, 1934.
Rehearing Granted October 10, 1934.
Reported in 75 S. W. (2d) 92.

The opinion states the case.

*W. S. Ethridge,* of Bandera, and *L. J. Brucks,* of Hondo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for aggravated assault; punishment, a fine of $300.00 and one year in the county jail.

At a former time the judgment herein was reversed and the prosecution ordered dismissed upon the proposition that the record failed to show the presence of a complaint. The record has been corrected by a proper proceeding in the court a quo so as to show that there was in fact a legal complaint on file and presented at the time this case was tried. By a supplemental transcript it is made to appear that the lost complaint was properly substituted, and the original opinion of reversal herein will be withdrawn, and the case will now be considered on its merits.

Appellant was charged with an aggravated assault upon W. H. Burns, the ground of aggravation laid in the information being that Burns was an officer in the lawful discharge of the duties of his office, and while so engaged this appellant, being informed and knowing that said Burns was then and there an officer in the discharge of an official duty, made upon him an aggravated assault. Mr. Burns testified to facts which appear to support the conviction. He was supported by other witnesses. Fact issues are presented in the record involving questions as to whether appellant was intoxicated or under the influence of intoxicating liquor at the time of the difficulty; also whether or not he struck Burns while he, Burns, was making an effort to arrest appellant. Appellant introduced witnesses who testified that they did not believe he was drunk, but we notice that these witnesses, or some of them, seem to admit that appellant struck Mr. Burns several times while the latter was trying to effect an arrest.

Appellant has five bills of exception. The first calls in question the propriety of the reception of the evidence of Dr. Irving, who said he examined Mr. Burns the morning after the alleged assault and found various contusions, lacerations and scratches about the face of Burns, and that his breast bone

was bruised. If we understand appellant's objection to this testimony, it is that the record supports the proposition that other persons struck or struck at Mr. Burns during the difficulty in which it is claimed that appellant assaulted him. We do not quite catch the force of appellant's objection since it was in testimony by a number of witnesses that appellant did strike the sheriff one or more times on said occasion. That the officer may have been struck by other people at the same time, would not seem to relieve appellant of guilt, nor place upon him any greater burden in connection with the charge made.

Bill of exception 2 brings forward objection to the court's action in permitting the State to prove by appellant's witness Thalmann that some hours after the alleged difficulty, and at a place some miles away from the scene of the alleged assault this witness sawed handcuffs off the wrist of appellant. It was the State's contention that in the difficulty here involved, and while trying to arrest appellant, the sheriff did put handcuffs upon appellant's wrists. It would appear to support the State's contention that upon appellant's wrist after the termination of the difficulty, there was a handcuff. We do not think the fact that the handcuffs were sawed off some distance from the scene of the difficulty, nor that same were sawed off an hour or two after the difficulty was over,—appellant having left the scene, —would afford just ground of complaint at the reception of the testimony.

Appellant's bill of exceptions 3 complains of the action of the court in permitting the State to prove by Mr. Burns that during the alleged difficulty with appellant the Whitley brothers and perhaps other people also committed assaults upon Burns. If we understand appellant's contention, he claims that this testimony would be inadmissible unless there was shown by some affirmative proof the fact that appellant and the other parties were acting in concert. We do not think it necessary that there be affirmative proof of any agreed action between appellant and said parties. The entire difficulty seems to have been continuous, and whatever took place in individual or concerted resistance to the efforts of the officer to arrest appellant on said occasion would appear to be part of the res gestae and therefore admissible.

Another bill of exceptions complains of the fact that the State was permitted to prove that during said alleged difficulty one of the parties mentioned in the preceding bill of exceptions took from Mr. Burns a pistol. The objection to this is that it was an independent act on the part of August Whitley, and

that it was not shown to have been the result of any suggestion or concert of action between Whitley and appellant. It would appear to us proper for the court or jury, before whom a situation such as appears in this record is brought, to be permitted to hear the testimony as to what was said and done by all parties who were shown to have been actually engaged in the difficulty from its beginning to its final termination. We understand the acts of Mr. Whitley in this connection to have been a part of the things that were done and said between Mr. Burns on one side and appellant and his friends on the other. What we have just said applies to appellant's bill of exceptions 5, which presents complaint of testimony that Mr. Burns was permitted to give, in effect, that Glenn Stevens interfered while Burns was attempting to put handcuffs on appellant, and that Stevens caught appellant's arm and jerked him back. We find in the bill a quoted part of the testimony referring to said witness Stevens, the effect of which is that every time Mr. Burns attempted to put handcuffs on appellant Stevens kept interfering, and every time this was done he would jerk appellant's arm back. We think this part of the res gestae of the transaction.

We have carefully considered appellant's complaints as evidenced by his bills of exception, and regret that we are not able to agree with any of them.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In withdrawing the original opinion and affirming the conviction on the 27th days of June, 1934, we did not observe that the appellant's motion to strike from the record the supplemental transcript filed on the 13th day of June, 1934, contained material matter which was not brought to our attention. It appears from the supplemental transcript· that both the county attorney and the district attorney represented to the court that the complaint against the appellant had been lost or mislaid, and sought the privilege of substituting the complaint. What is denominated a "substantial copy" of the complaint accompanied the application. It was also made to appear in said supplemental transcript that the substitution was made without notice to the appellant or any of his counsel. The procedure, as required by law; demands notice to the accused. See Tex. Jur., vol. 23, p. 608; sec. 15; article 418, C. C.

P. See also Hawk v. State, 115 Texas Crim. Rep., 25, 27 S. W. (2d) 178. As understood, the record affirmatively shows that the complaint upon which the appellant was tried and convicted was substituted without any notice to him or his counsel, and without any opportunity to contest the substitution. We are therefore constrained to grant the motion for rehearing, set aside the affirmance and to order a reversal of the judgment of conviction.

*Reversed.*