**James Richard MURRAH, Appellant,**

v.

**Joe LOPEZ, Appellee.**

**No. 10313.**

Court of Civil Appeals of Texas.

Austin.

April 27, 1955.

William G. Washington, Rogers & Foster, Austin, for appellant.

Jack F. Cook, Jr., Austin, for appellee.

ARCHER, Chief Justice.

This suit was instituted by appellee against appellant for damages arising out of an automobile accident  The facts surrounding the accident are not in dispute.

Trial was had with the aid of a jury and upon issues favorable to appellee judgment was entered by the court for $351.

The appeal is before this Court on four points assigned as error and are that the court erred in overruling defendant's motion for judgment at the close of plaintiff's case because there was not then sufficient evidence to entitle the plaintiff to a jury finding, that evidence as to the disposition of the automobile subsequent to the accident was immaterial as to establishing ownership at the time of the accident, that it was error to admit the "Title History" of the automobile into evidence because it was not the best evidence and did not entitle the plaintiff to a jury finding, and that the court erred in overruling defendant's motion for a new trial because the verdict was contrary to the evidence, and plaintiff failed to establish loss or damage.

Appellant admits that there are only two questions before this Court and they are the insufficiency of the proof by plaintiff as to ownership of the automobile and as to his damages.

On the occasion of the collision plaintiff's automobile was being driven by Abraham Kennedy, who was alone in the car and who appeared and testified as plaintiff's witness. The plaintiff, Lopez, was not present at the collision and did not appear at the trial.

There were jury findings in plaintiff's favor as to his damages and as to his ownership of the car.

■ We believe that the Title History of the car was admissible. The instrument was on a printed form used by the Motor Vehicle Division of the Highway Department and gives the present and past title information on the car, and was certified to by the custodian of the Title Records.

Objections to the admission of the Title History were that it was hearsay and had no bearing on the case, which objections were overruled, and we believe correctly so.

Such public records are admissible in evidence and not subject to the hearsay rule and were evidence of the matters stated therein.

Article 6663a and Article 3731a, V.A.C.S.

The record showed that certificate of title to the car in question was issued to Joe Lopez prior to the date of the collision and the assignment thereof in compliance with Article 1436-1, V.T.P.C., was subsequent to such collision, and consequently the Title History had a bearing on the case, and admissible to prove plaintiff's ownership of the automobile at the time of the accident and was not subject to the objection that it was immaterial or irrelevant.

■ The objection to the admission of the Title History was only on the grounds that it was hearsay and had no bearing on the case, and not that it was not the best evidence, and as such waived the objection that it violated the best evidence rule.

State v. Brown, Tex.Civ.App., 257 S.W.2d 796, no writ history.

■ We believe that there was sufficient evidence as to plaintiff's ownership of the automobile and the damage thereto to go to the jury and that the verdict of the jury finds reasonable support in the record.

Kennedy, the driver of plaintiff's car, testified that the left rear part of the car was damaged in the collision and the defendant testified that his car struck the left rear part of the Lopez car.

Ragland testified that Lopez brought the Pontiac car to him for repairs and that he repaired the damage to the left rear end of the car and that the cost of such repairs was $351.11, and such damage and the extent and cost to repair same was not contradicted.

Appellant, in his answer as defendant in the suit, alleged that Lopez owned the automobile and by cross action sought damages from Lopez, alleging that Lopez was the owner of the car and that Kennedy was his agent, employee, etc.

Kennedy testified that he had borrowed the car from Lopez and was trying to buy it and that he did buy the car four months after the accident and that Joe Lopez owned the car.

The judgment of the trial court is affirmed.