## GEORGE W. BELL v. THE STATE.

Where any question arises concerning the name of the person upon whom the indictment alleges an assault and battery to have been inflicted, the practice should be analogous to the practice in the case of a plea of misnomer by the prisoner. The fact should be submitted to the jury, and it would be competent to show in support of the allegation in the indictment, that the person was as well known by the name used in the indictment as by any other.

The proof need not show that the person was as *extensively* or as *familiarly* known by the name used in the indictment as any other ; but it is enough that the person was as *certainly known to friends and acquaintances of the vicinity*, by the name in the indictment as by any other.

Where the indictment alleged an assault and battery upon Mrs. George W. Bell, the defence insisting that her name was *Sallie* Bell, held, that it was matter of proof to the jury as to what was her name, and that the court erred in instructing them that "if George W. Bell is the name of the defendant, his wife is correctly described when called 'Mrs. George W. Bell.'"

APPEAL from Wood. Tried below before Hon. C. A. Frazer.

This was an indictment against George W. Bell, charging him with an assault and battery upon Mrs. George W. Bell, a female. The defendant filed exceptions to the indictment, which were overruled; and pleaded "not guilty."

The defendant and Mrs. George W. Bell were husband and wife. Mrs. Bell's proper christian name was "Sallie," and by that name was she commonly called about the house and family of the defendant. As stated in the opinion of the court, it was in proof that she was otherwise known and called. Sometimes was called Sally Bell—Mrs. Bell—and by some was called Mrs. George W. Bell.

The assault and battery was proved, and the defendant found guilty and fined one hundred dollars.

The defendant assigns the charge given by the court as error, which for the purposes of this case need not be further set out than as recited in the opinion.

*Donley & Anderson*, for the appellant.

Bell v. The State,

*Attorney-General,* for the State.

BELL, J.—The court below instructed the jury as follows :
" If George W. Bell is the name of the defendant, you are instruc-
ted that his wife is correctly named and described when called
Mrs. George W. Bell." We are of opinion that there was error
in this instruction. By it the judge decided, as matter of law,
what was the name of the defendant's wife, whereas, it ought to
have been submitted to the jury, as matter of fact, to be decided
by them upon the evidence. It is true that in polite society, it is
fashionable to designate a married woman by her husband's name;
and not unfrequently she is honored with some sounding title, in
which her lord may happen to rejoice. Thus we not only hear of
Mrs. John Smith, and Mrs. George Washington Jones, but we
hear also of Mrs. Colonel O, of Mrs. General P, and of Mrs.
Professor Q. But this fashion does not extend to the great mass
of the people throughout the country. It is necessary in an in-
dictment for an assault and battery that the name of the person
injured should be set forth, and proved precisely as alleged.
(3 Greenl. on Evid., sec. 22.) Where it is pleaded in abatement
that the name of the person accused is not properly set forth in
the indictment, the true name is given in the plea, and the name
used in the indictment is traversed. To this plea it may be re-
plied that the party was and is as well known and called by the
one name as by the other. But it is said not to be sufficient, in
support of this replication, to show that the party has been once
or twice called by the name used in the indictment. (3 Greenl.
Ev., sec. 22.) Where any question arises concerning the name
of the person upon whom the indictment alleges that the injury
was inflicted, the practice should be analogous to the practice in
the case of a plea of misnomer by the prisoner. The fact should
be submitted to the jury, and it would be competent to show in
support of the allegation in the indictment, that the person was
as well known by the name used in the indictment as by any
other. By this it is not meant that the indictment could not be
sustained without showing that the person was as exclusively or
as familiarly known by the name used in the indictment as by

any other; for this would not be necessary. It would be enough to show that the person was as certainly known to friends and acquaintances of the vicinity, by the name used in the indictment as by any other. It seems that in the case before us, there were two families of the name of Bell in the neighborhood, and two of the witnesses say that the defendant's wife was sometimes called Mrs. George W. Bell to distinguish her from another lady in the neighborhood of the same family name. If the heads of these two families had each been named George W. Bell, then the defendant's wife would most probably have been called only by her name of Sally Bell, by which name the majority of the witnesses say she was commonly known to her neighbors. Because we are of opinion that the judge erred in not leaving it to the jury to be determined as matter of fact, from the evidence, whether or not the assault and battery was committed on the person named in the indictment, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.