ROBERT COLLINS v. THE STATE.

INDICTMENT—VARIANCE.—An indictment for theft of the property of "Gabriel Carter" is not sustained by evidence of the theft of the property described in it from "Carter Gabriel." (Brown *v.* The State, 32 Tex., 125, overruled.)

APPEAL from Shelby. Tried below before the Hon. George Lane.

*Drury Field*, for appellant.

*A. J. Peeler, Assistant Attorney General*, for the State, cited Brown *v.* The State, 32 Tex., 125; 2 Whart. Am. Cr. Law, sec. 1820, *et seq*.

REEVES, ASSOCIATE JUSTICE.—The indictment in this case charges Robert Collins with theft of one bushel of

dried peaches belonging to Gabriel Carter. The evidence shows that the peaches belonged to Carter Gabriel. The court charged the jury that, if they found that Gabriel Carter and Carter Gabriel are one and the same person, it was indifferent by which one of the names he was called in the indictment.

The defendant being convicted, appealed from the judgment of conviction, and assigns for cause of reversal the variance between the allegation in the indictment and the proof on the trial.

The rule is well settled that the property in the stolen goods must be averred to be in the right owner, or some excuse must be given for the omission, as that the owner's name was unknown. Wharton says, "If the owner be misnamed, if the name thus stated be not either his real name or the name by which he is usually known, or if it appear that the owner of the goods is another and different person from the person named as such in the indictment, the variance will be fatal." Whart. Am. Cr. Law., 1820; also 2 Bishop's Cr. Proced., 718; 1 Arch. Cr. Prac., and Plead., 79; East P. C., 2 vol., 650, 778; 3 Greenl. Ev., 22.

In this case the owner of the property was misnamed. On his explanation as a witness he stated that his name was Carter Gabriel, and it was not shown that he had ever been known or called by any other name before the indictment was found.

We think the variance was material.

The jury was doubtless instructed on the authority of the case of Brown *v*. The State, 32 Tex., 125, in which the court arrived at a different conclusion and sustained the conviction. We do not concur in that opinion in so far as it may be in conflict with the views expressed in this opinion.

REVERSED AND REMANDED.