Opinion delivered April 18, 1888.

## No. 5715.

## JOHN SPOONEMORE *v.* THE STATE.

1. IDEM SONANS—CHARGE OF THE COURT.—"Hix Nowels" and "Hicks Nowells" are *idem sonans.* The proof leaving no doubt that the name as spelled in the indictment was the same as that proved on the trial, the court did not err in disregarding the difference in the orthography of the name, and omitting to submit to the jury whether the names were identical.

2. SAME—DRIVING STOCK FROM ACCUSTOMED RANGE.—Trial courts are not authorized to charge the jury on a phase of case not presented in the evidence. The proof in this case not tending in any degree to establish the offense of driving stock from its accustomed range, the trial court did not err in refusing to charge the jury upon the law of that offense.

3. CATTLE THEFT—FACT CASE.—See the statement of the case for evidence *held* sufficient to support a conviction for cattle theft.

APPEAL from the District Court of Hunt. Tried below before W. C. Jones, Esq., Special Judge.

This conviction was for the theft of a yearling of the cattle kind, the property of Hix Nowels, and the penalty assessed against the appellant was a term of two years in the penitentiary.

Hix Nowels was the first witness for the State. He testified that his name, properly spelled, was "Hicks Nowells," and that he lived in the northeast part of Hunt county. He missed his

Opinion of the court.

certain yearling from the range in April, 1887. Previous to its disappearance, that yearling had come up regularly at night. The animal was a red bull yearling, with white spots on its side and belly. It was neither marked nor branded. In the course of his search for the animal the witness inquired of Mr. J. W. Milford, who told him that he bought such an animal from the defendant about April 1, 1887. Witness then went to the house of defendant's father to see defendant about the matter, but defendant was not at home. Witness went a second time to the house, but did not find defendant. His father, however, paid witness for the animal. Defendant knew that yearling to be the property of the witness. Witness did not consent to the taking of the animal by the defendant.

J. W. Milford testified, for the State, that in April, 1887, he bought from the defendant a certain red bull yearling with white spots on its side and belly. Defendant told witness that he owned the animal, having bought it from Harlin Lindley. About a week after witness's purchase of the yearling, Hicks Nowells came to his house, looking for such a yearling as that bought by witness from defendant. Defendant knew, when he sold the animal to the witness, that witness was buying for a man who was going to drive to market immediately.

Harlin Lindley testified, for the State, that he never, at any time, sold a yearling of any kind or description to the defendant.

The defense offered no evidence. This case was first affirmed without written opinion, but appellant moved for a rehearing, and elicited the opinion which follows.

*Ben F. Looney,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. 1. "Hix Nowels" and "Hicks Nowells" are *idem sonans,* and the court did not err in its charge to the jury in disregarding the difference in the orthography of the name, and in omitting to submit to the jury for their determination whether or not the name as spelled in the indictment was the same as that proved on the trial. There was no room for doubt upon this question, and the court might well assume that the names were identical. If there had been any doubt as to whether the names were *idem sonans,* it would have been proper, and

perhaps essential, to have submitted the question to the jury. (Henry v. The State, 7 Texas Ct. App., 388.)

2. It is objected to the charge of the court that it omits to instruct the jury in relation to the offense defined by article 749 of the Penal Code, that is, the offense of wilfully taking into possession, driving, using, or removing live stock from its accustomed range, etc. In our opinion the evidence did not demand such a charge, and the court very properly refused to give it. It is clear from the evidence that the defendant took the animal with the fraudulent intention of appropriating it to his own use, and that he did so appropriate it. Such being the case, he was guilty of the theft defined by articles 724 and 747 of the Penal Code, and not of the offense defined by said article 749.

3. We think the evidence supports the conviction. As to the identity of the animal lost by Nowells, with that sold by defendant to Milford, the evidence is sufficiently certain and conclusive. The motion for rehearing is refused.

*Affirmed and motion overruled.*

Opinion delivered April 25, 1888.

