## FRED WEITZEL v. THE STATE.

### *No. 6971. Decided May 21.*

**Variance—Idem Sonans—Charge of the Court—Case Stated.**—It is a settled rule that "where any question arises concerning the name of the injured party as alleged in the indictment, the practice should be analogous to the practice in the case of a plea of misnomer by the prisoner. The fact should be submitted to the jury, and it would be competent to show, in support of the allegation in the indictment, that the person was as well known by the name used in the indictment as by any other." The indictment in this case alleged the name of the injured party to be "Fraude." The proof showed that it was properly spelled "F-r-e-u-d-e." An expert linguist testified that the correct German pronunciation of the name "Fraude" was "Frowdy," and that "Freude" was correctly pronounced "Froydy," but was frequently corrupted to "Friday." The trial court held "Fraude" and "Froydy" to be *idem sonans*, and refused a special instruction to the effect that the jury should acquit if they believed the name of the alleged injured party was different in sound from the name as alleged in the indictment, to-wit, Fraude. *Held*, that under the rule above announced the refusal of the special instruction was error.

APPEAL from the District Court of Goliad. Tried below before Hon. H. C. Pleasants.

This conviction was for theft of a barrel of wine of the value of $40, and the penalty assessed against the appellant was a term of two years in the penitentiary.

*Crain, Kleberg & Grimes,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The name of the owner of the stolen property as it was written in the indictment was "Fraude." He spelt

his name, and the proper way to spell it was "Freude." An expert German and English scholar testified that he would pronounce "Fraude" as "Frowdy," and "Freude" as "Froydy," and that when corrupted "Freude" was also pronounced "Friday." The learned trial judge held the two names "Fraude" and "Froydy" to be *idem sonans,* and refused to submit to the jury a special requested instruction asked in behalf of defendant as follows, viz.: "If the jury believe from the evidence that the name of the party alleged to be the owner of the property alleged to have been stolen is different in sound from the name alleged in the indictment, to-wit, William Fraude, they will acquit the defendant."

In the case of Bell v. The State, 25 Texas, 575, our Supreme Court say: "Where any question arises concerning the name of the person upon whom the indictment alleges that the injury was inflicted, the practice should be analogous to the practice in the case of a plea of misnomer by the prisoner. The fact should be submitted to the jury, and it would be competent to show, in support of the allegation in the indictment, that the person was as well known by the name used in the indictment as by any other." In that case the judgment was reversed because the judge erred in not leaving the jury to determine as matter of fact from the evidence whether the injury was or was not inflicted on the person named in the indictment. Under this authority the court erred in refusing to give defendant's special requested instruction, and thus submit the question of variance or no variance in the names to the jury in connection with appropriate instructions explanatory of the rules relating to *idem sonans.*

Because of this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.