## A. J. MILONTREE V. THE STATE.

*No. 7398.   Decided June 26.*

ON MOTION FOR REHEARING.

1.   **Indictment—Name of Injured Party Must be Alleged.**—It is a well established rule that it is necessary in an indictment that the name of the person injured should be alleged.

2.   **Allegation and Proof of Name of Injured Party Must Correspond.** — It is equally well established that the name of the injured party as set forth in the indictment must be precisely proved, and that a variance between the name alleged and that proved will be fatal.

3.   **Same—Idem Sonans.**—It is also well settled, that if the name alleged and the name proved may be sounded alike without doing violence to the power of the letters found in the variant orthography, a variance in the spelling of the name is immaterial.

In this case the indictment alleged the name of the injured party to be William Seaffers, while the evidence made the name William Seaforth or William Seafort. *Held*, that the name alleged and the name proved were not *idem sonans*, and that the variance was fatal to the conviction.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. C. L. Cleveland.

This conviction is for murder in the second degree with the penalty assessed at twenty-five years confinement in the penitentiary.

The opinion states the case with reference to the question decided.

*James A. Breeding*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—On a former day of this term we affirmed the judgment in this case in a memorandum opinion. At the time of reading the record we observed the fact that the name of the deceased as written in the statement of facts was different from the name of the deceased as alleged in the indictment and as presented in the charge of the court. No notice, however, of any character was taken by appellant to this supposed variance, nor was it complained of or brought to our attention in any way on the appeal as presented, either in the motion for a new trial or in the motion in arrest of judgment. Under the circumstances we naturally concluded (no objection being urged by the appellant) that the writing of the name in the statement of facts was an error or inadvertence or mistake on the part of the clerk in preparing the transcript.

Appellant now presents his motion for a rehearing of the case and contends that there is a fatal variance between the name of the injured party as alleged in the indictment and that as shown by the statement of facts to have been proved on the trial. In the indictment the name of the alleged murdered party is twice written "Wm. Seaffers." In the charge of the court to the jury the name of the injured party is written and spelled as it is in the indictment. In the statement of facts the name of the deceased is written "Wm. Seaforth," and "Wm. Seafort."

It is a well established rule that it is necessary in an indictment that the name of the person injured should be set forth and proved precisely as alleged. 3 Greenl. Ev., sec. 22; Bell v. The State, 25 Texas, 574; Hardin v. The State, 26 Texas, 113; Clark v. The State, 29 Texas Ct. App., 357. And further, that a variance between the name alleged and that proved is fatal. Roberts v. The State, 2 Texas Ct. App., 4; Perry v. The State, 4 Texas Ct. App., 566.

There is, however, another well settled rule with regard to names, to-wit, that if the names may be sounded alike without doing violence to

the power of the letters found in the variant orthography, or if the name as stated be *idem sonans* with the true name, the misspelling and variance is immaterial. Foster v. The State, 1 Texas Ct. App., 531; Goode v. The State, 2 Texas Ct. App., 520; Henry v. The State, 7 Texas Ct. App., 388.

As shown by the record in this case, the proof adduced in evidence does not in our opinion sustain the allegation in the indictment of the name of the injured party. We think there is a fatal variance between the name Wm. Seaffers and W. Seaforth or Seafort, and that the allegation of the name in the indictment can not be sustained under the rule of *idem sonans,* because the pronunciation of the two names does not make them sound alike. Faver v. Robinson, 46 Texas, 204; Shields v. Hunt, 45 Texas, 425; McRee v. Brown, 45 Texas, 503; Roberts v. The State, 2 Texas Ct. App., 4; Nance v. The State, 17 Texas Ct. App., 385; Weitzel v. The State, 28 Texas Ct. App., 523.

Because by the statement of facts as shown in the record the party killed was a party having a different name from the name of the alleged injured party as stated in the indictment, the rehearing is granted and the previous judgment of affirmance in this case is set aside, and the judgment is now here reversed and the cause is remanded for another trial in the court below.

*Reversed and remanded.*

Judges all present and concurring.