LOWELL HAWK v. THE STATE.

No. 12990. Delivered March 19, 1930.
Rehearing denied April 30, 1930.
Reported in 27 S. W. (2d) 178.

The opinion states the case.

*Robt. H. Hopkins* of Denton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

From bill of exception No. 3 error is made to appear. On the calling of the case and before announcement of ready by either party, the county attorney suggested that the indictment had been lost. Attached to his motion to substitute there is what is described in the motion as a copy of the indictment. The appellant interposed objection to the motion upon the ground that he had received no notice of the intention to substitute.

By the bill of exception as qualified by the judge, it is shown that on the forenoon of the day upon which the trial took place and before announcement, the motion to substitute the indictment was filed while both the appellant and his attorney were present in the court-room and had actual knowledge that the motion was filed; that upon the hearing later the appellant's attorney was called as a

witness and testified. Appellant contends that his rights are controlled by Articles 2289 and 2290, Rev. Civ. Stat., 1925, which allow three days' notice in advance of the hearing of the motion to substitute lost papers. In his view that he was entitled to notice before the filing of the motion to substitute the indictment, the appellant is correct. No precedent has come to our attention, however, which entitles him to any specific length of time. He refers to the opinion of this court in Hollingsworth v. State, 87 Tex. Cr. R. 399, wherein it is said:

"It being a judicial act, it must be upon notice and the defendant has the right to contest the substitution if he sees proper to do so." Citing Bowers v. State, 45 Tex. Cr. R. 185; Carter v. State, 41 Tex. Cr. R. 608. In Bowers' case, supra, it was held that the court was in error in refusing to permit the appellant to contest the substitution. The fault was cured by giving the appellant a hearing upon the motion to quash the indictment. In Carter's case, supra, Judge Davidson, writing the opinion, said:

"The statute does not require, but we think the better practice would be to serve notice on defendant of the motion to substitute." A like announcement was made by this court in Burrage v. State, 44 S. W. 169, and again in Bennett v. State, 77 Tex. Cr. R. 610. In Art. 418, C. C. P., provision is made for the substitution of an indictment either by motion to substitute or by a new indictment. It is only when the latter course is pursued that the accused is entitled to a copy of the new indictment two days before the trial begins. See James v. State, 52 Tex. Cr. R. 21; also Vernon's Ann. Tex. C. C. P., 1925, Vol. 1, p. 337.

It appearing in the present instance that the appellant was given notice and opportunity to contest the substitution of the indictment and there being nothing in the record to indicate that he was in need of further time for that purpose, the contention presented by the appellant is deemed untenable.

A recital of the evidence is not deemed desirable. Suffice it to say that the proof was uncontroverted and is ample to support the verdict of the jury.

The complaint of the charge on the ground that the court instructed the jury that whisky was an intoxicating liquor is without merit.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges the single proposition that we erred in upholding the action of the trial court in allowing the State to substitute the indictment herein in manner and form as appears in the record. It is uncontroverted in the record that the State filed a written motion suggesting to the court below that the indictment in this case had been lost, asking leave to substitute the same, accompanying the motion by a copy of said lost indictment. It is apparent from the record that appellant and his attorney were present in court and knew of the filing of this motion. As stated in the original opinion, appellant's attorney testified that he had made a search for the indictment at different times without success. The county attorney testified that he had searched for the indictment without success, as did also the district clerk. The record further shows that upon this testimony the court entered an order reciting the motion of the State, and that the matter had been heard by the court, and ordering the substitution of said indictment, which order was directed to be entered in the minutes.

Appellant's objection seems to be that he was not given some formal notice of the filing of the motion 'to substitute, and that he was not given some period of time after such notice and before the matter was heard by the court. It is settled in this State that one accused of crime can waive anything in connection with the proceedings in his case save a trial by jury in a felony case. If appellant in this case, or anyone for him, objected to the hearing by the court of the motion to substitute upon the ground that no written notice had been given him, or upon the further ground that there were matters material to the decision of the court upon the State's motion to substitute, which could be ascertained or shown by the granting of further time to the accused prior to such hearing, we fail to find it in the record. In James v. State, 52 Texas Crim. Rep. 21, we held it not necessary to grant the accused two days after the substitution of an indictment in which to get ready for trial. We are cited to no authorities by appellant which sustain his contention in any regard. Hollingsworth v. State, 221 S. W. Rep. 979, is referred to and discussed in appellant's motion. As we understand said opinion, it holds, first, that the record must show the loss and substitution, which latter is a judicial act and must be of record. The record in this case complies with this requirement. Strong v. State, 18 Texas Crim. App. 19. Said case also holds that

the substituted document must be substantially a reproduction of the lost original. This fully appears. It further holds that such substitution must be upon notice so that the defendant may have the right to contest the substitution if he sees proper to do so. We are not in accord with appellant's contention that he did not have notice of the State's purpose to substitute, and of the proceeding by which the substitution was made. This court earnestly and jealously endeavors to give to the accused every substantial right guaranteed him by the law and the Constitution, but must decline to reverse a case upon the assertion of a fancied injury in no way shown to have substance or reality. Appellant was represented by able and experienced counsel, and both appellant and said counsel had notice and knowledge of the substitution proceeding.

We are unable to agree with any contention made, and the motion for rehearing is overruled.

*Overruled.*