## WILLIAM N. MARSHALL V. STATE.

No. 25,805. May 21, 1952.

Hon. Theodore R. Robinson, Judge Presiding.

*Williams & Thornton,* by *R. Richard Thornton,* Galveston, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted by the jury of negligent homicide in the second degree, and his punishment assessed at a fine of $3,000.

The facts evidence that appellant, while driving a car in the city of Galveston, had a collision with a car driven by L. C. Hunt, the latter's wife being with him at the time, and caused the death of said wife of Mr. Hunt.

There are about eight different and separate paragraphs to the only bill of exception found in the record. Undoubtedly this bill is multifarious, and cannot be considered by this court. Spruell v. State, 119 Tex. Cr. R. 317, 44 S. W. 2d 733; Miller v. State, 129 Tex. Cr. R. 166, 84 S. W. 2d 459; White v. State, 150 Tex. Cr. R. 546, 203 S. W. 2d 222; Sharp v. State, 151 Tex. Cr. R. 637, 210 S. W. 2d 174; Humphrey v. State, 212 S. W. 2d 159; Smithwick v. State, 155 Tex. Crim. Rep. 292, 235 S. W. 2d 237; Simpson v. State, 155 Tex. Crim. Rep. 400, 235 S. W. 2d 920; Renfro v. State, 156 Tex. Crim. 400, 242 S. W. 2d 772.

We find, however, a matter that is fatal to the conviction. The indictment in this case, returned by the Galveston County Grand Jury, alleges that appellant, while driving a motor vehicle upon a public street in the city of Galveston, through negligence and carelessness struck "Cecile Hunt" and caused her death. The testimony shows that the deceased's name was "Lucile Hunt"; nowhere in the statement of facts is the name "Cecile Hunt," found. The allegata and probata do not correspond. Appellant was charged with taking the life of "Cecile" Hunt, and the testimony shows he took the life of "Lucille" Hunt. This is a fatal variance.

The judgment is reversed and the cause remanded.