**STATE v. BROWN.**

No. 10134.

Court of Civil Appeals of Texas. Austin.

April 22, 1953.

Rehearing Denied May 13, 1953.

John Ben Shepperd, Atty. Gen., and J. Milton Richardson, Asst. Atty. Gen., for appellant.

Handley & Williams by W. B. Handley and Claude Williams, Dallas, Small, Small & Craig, Austin, for appellee.

HUGHES, Justice.

This is a venue case in which the State has appealed from an order sustaining the

plea of appellee Roscoe Brown to be sued in Hall County, the county of his residence.

The only evidence offered by the State or admitted by the court was its first amended original petition. This petition was incorporated in the State's controverting affidavit by reference.

The pleadings of appellant alleged that on January 22, 1951, appellee Roscoe Brown and his brother and partner, David G. Brown, as principals, and the United States Fidelity and Guaranty Company, as surety, executed a bond in the penal sum of $5,000, payable to the State Highway Department of Texas and conditioned that Brown Bros. would pay the State for all damages to any highway under the jurisdiction of the State Highway Department by virtue of the operation by Brown Bros. of any equipment under a permit issued Brown Bros. by the Highway Department under the provisions of Art. 6701a, Vernon's Ann.Civ.St. A photostatic copy of the bond was attached to and made a part of appellant's petition.

The statute referred to provides that if any person desires to operate over State highways any "super-heavy or over-size equipment for the transportation of such commodities as cannot be reasonably dismantled, where the gross weight or size exceeds the limits allowed by law" that the State Highway Department may, upon application, issue a permit authorizing the use of such equipment in hauling such commodities if the Department "is of the opinion that the same may be operated without material damage to the highway." The statute also requires that before any such permit is issued that the applicant shall file a bond in such amount as the Department may fix, payable to and to be approved by the Department and conditioned that applicant will pay to the Department "any damage that might be sustained to the highway by virtue of the operation of the equipment, for which a permit is issued to operate".

Section 3 of the Article provides that "venue of any suit for recovery upon said bond may be any court of competent jurisdiction of Travis county."

The pleadings of appellant further alleged that Brown Brothers operating under a permit issued pursuant to the provisions of Art. 6701a, supra, negligently operated their equipment and caused it to strike and collapse a span of the bridge over the Canadian River on U. S. Highway 83 in Hemphill County, such highway being a part of the Texas Highway System. Damages to the bridge were alleged in the sum of $20,129.09.

Under the above facts appellee contends that the State wholly "failed to establish its burden of proving venue in Travis County."

Specifically appellee contends that the State's petition was not admissible in evidence and hence the photostatic copy of the bond was not properly in evidence and should not be considered for any purpose.

When the State offered its petition in evidence appellee objected on the grounds that "the same is not competent to constitute proof of the various facts, and is immaterial and irrelevant and hearsay as to" him. The objection was overruled. Regarding this action of the court appellee says: "In the case under consideration the trial judge overruled Appellee's objection to the introduction of the plaintiff's petition but it is quite evident that he did so to expedite the hearing and with no idea that it was 'competent evidence' to prove anything other than the Appellant had an extra copy of its pleading."

We do not so lightly treat the ruling of the trial judge.

The petition is clearly admissible for the purpose of proving and was the best possible proof of the nature of the State's cause of action. Cree v. Cluck, Tex.Civ.App., Amarillo, 246 S.W.2d 337; Longhorn Trucks v. Bailes, Tex.Civ.App., Austin, 225 S.W.2d 642, mandamus overruled.

None of the objections made by appellee to introduction of the petition was tenable and the trial court properly admitted it in evidence.

Appellee could have, if it so desired, requested the court to limit the ef-

fect of the admission of the petition. It did not do so and hence it was before the court for all purposes. Blum Milling Co. v. Moore-Seaver Grain Co., Tex.Com.App., 277 S.W. 78.

Admission of the State's petition carried with it admission of the bond attached thereto and upon which the State declared and, in addition to what has been said above, there are additional reasons for holding that the trial court properly admitted such bond in evidence.

■ The only proper objection which could have been but was not made to admission in evidence of a photostatic copy of the bond was [1] that it violated the Best Evidence Rule. The law is clear in such cases: "An objection to testimony as being secondary evidence of a writing can prevail of course where it appears from the evidence objected to, or is made to appear by the objector, that it relates to the contents of a written document. However, even though it appears that the evidence relates to a written document, if it is admitted without objection, or if objected to only upon another and untenable ground, the objection that it is secondary is waived, and the evidence so admitted (being perfectly relevant and only subject to objection under a technical rule of preference) is to be considered on appeal on the same footing as other competent evidence." Texas Law of Evidence by McCormick and Ray, p. 944, Sec. 722.

The photostatic copy of the bond bore the signature "Roscoe Brown." This suit was brought against "Roscoe Brown" and "Roscoe Brown" filed his plea of privilege.

■ This similarity of names in the absence of contrary evidence or suspicious circumstances is of itself sufficient identification of appellee as the principal on such bond. Howell v. Knox, Tex.Civ.App., Austin, 211 S.W.2d 324, writ ref., n. r. e.

■ Since this is unquestionably a suit on a bond contemplated by Article 6701a, it, at least to the amount of such bond, is maintainable in the District Court of Travis County because the statute unequivocally so states.

■ As to the recovery sought in excess of the amount of the bond appellee contends that the State's pleadings "reveal two separate and distinct causes of action, one, and the primary one, being founded in tort, and the other, ancillary thereto and only incidental, suit for recovery on a statutory bond."

We cannot agree that two distinct causes of action are pleaded by the State. There is only one fact or one combination of facts which entitles the State to institute and maintain this suit, i. e., damages allegedly sustained by the Canadian bridge at the hands of appellee. I Tex.Jur. p. 608, Whitley v. King, Tex.Civ.App., Waco, 227 S.W. 2d 241. That this action may sound in tort is beside the point. The bond sued on is merely collateral to this cause of action. To divorce the suit on the bond from the only cause of action asserted is an impossibility. It might as well be argued that under Section 12 of Art. 1995, V.A.C.S., providing a suit for foreclosure of a lien may be brought in the county where the mortgaged property is located that the suit for the *debt* should be brought where the defendant resides while the suit to foreclose the lien could be separately maintained where the property is located.

It would have been the height of folly, as well as running a real risk of having split its cause of action, for the State to have filed two suits to recover on this one cause of action. See I Tex.Jur. p. 670.

■ Equity, as well as this Court, abhors a multiplicity of suits.

The judgment of the trial court is reversed and judgment is here rendered overruling appellee's plea of privilege.

Reversed and rendered.

1. Appellee did not deny execution of the bond as required by Rules 86 and 93, T.R.C.P.