LONDON PROPERTIES, INC., Appellant,

v.

Thomas G. VACCARELLO, d/b/a Vance Advertising & Public Relations, Appellee.

No. 7445.

Court of Civil Appeals of Texas, Beaumont.

March 29, 1973.

**256**

Tobolowsky, Schlinger & Blalock, Dallas, for appellant.

Lipscomb Norvell, Jr., Jerry J. Nathan, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action upon sworn account for services rendered. Trial was before the court and judgment was rendered for plaintiff. Findings of fact and conclusions of law were made by the trial court. The parties will be referred to here as they were in the trial court.

Plaintiff, Thomas G. Vaccarello, d/b/a Vance Advertising & Public Relations, filed this suit against defendant, London Properties, Inc., alleging that he had performed certain advertising and public relations services for defendant. Both plaintiff and defendant filed sworn pleadings, so plaintiff had the burden of proving his cause of action as in any other suit. The primary point of controversy in the trial court and here is whether plaintiff proved his cause of action against "London Properties, Inc." Defendant contends that there are two separate legal entities—London Properties, Inc., the corporation, and London Properties, a partnership—and that, at best, plaintiff proved a cause of action only against the partnership. In essence, the trial court found that defendant had requested that plaintiff perform the advertising services in question, that defendant issued the purchase orders for such services, and that plaintiff performed the services as requested by defendant. Defendant attacks such findings as having no support in the evidence and as being contrary to the great weight and preponderance of the evidence. In passing upon the no evidence point, we consider only the evidence favorable to the court's finding. In passing upon the other point, we consider the entire record.

Interrogatories served upon defendant established the following: That defendant is a corporation. That W. B. Phares was president of such corporation from the time it was chartered on November 8, 1967 until July 2, 1970 (which included all of the times material to this cause of action). That Phares owned all of the stock in such corporation. That Thomas Burbank succeeded Phares as president.

Plaintiff testified: That in March, 1968, he met with Phares, who secured his advertising service to prepare brochures for three apartment complexes, William Tell, Buckingham Square and Huntington Park Apartments. That he did the work requested of him by Phares and the three brochures were admitted in evidence. Plaintiff identified three purchase orders which were admitted in evidence covering the services performed. These purchase orders were on printed forms with headings "London Properties" with a space at the bottom "London Properties" and signed by Charles LeBlanc as manager. In the space marked "Ship To" was typed "London Properties" with a Beaumont, Texas address.

Plaintiff's wife testified: That Charles LeBlanc was head of advertising for all of the complexes. That they carried the name "London Properties, Inc." on their billing sheets. That the total amount owed to plaintiff by defendant had been $4,865.-61. That she received a check from defendant in the amount of $1,429.64, leaving a balance of $3,435.97 owed by defendant.

The interrogatories served upon defendant also showed that Thomas Burbank, as defendant's president, wrote plaintiff a letter dated July 30, 1970, which included this statement: "I wish to express to you our appreciation for your efforts that were most beneficial to London Properties, Inc. as well as to Mr. Phares. If at all possible, in the future we will contact your agency for advertising." Also, "In respect to the amount charged against William Tell, Huntington Park, and Buckingham Square Apartments, these amounts cannot be forthcoming until such time as the projects are closed and final dispositions are made." All of such evidence supports the finding by the trial court. The no evidence point is overruled.

Defendant offered no evidence in this case. During the course of cross-examination of plaintiff, one of the attorneys representing defendant made the statement to the court that "London Properties is a separate partnership." The unsworn statement made by defendant's counsel was not evidence. The fact that he was counsel of record and an officer of the court does not alter that fact. Even a statement by the trial judge as to factual matters in his knowledge can be considered only if it comes in the form of sworn testimony. Great Liberty Life Insurance Company v. Flint, 336 S.W.2d 434, 436 (Tex.Civ.App., Fort Worth, 1960, no writ). See also Tex-Jersey Oil Corporation v. Beck, 157 Tex. 541, 305 S.W.2d 162, 167 (1957) as to unsworn statements of counsel during his argument.

The general rules are that identity or similarity of names is prima facie evidence of identity of person and the probative force of similarity of name depends upon the circumstances of the case. Where there is no controverting evidence, proof of identity or similarity of name will suffice to show identity of person. See 40 Tex.Jur.2d § 18, Names, 389, 390 (1962) and cases cited.

As stated above, there is no evidence in this record that a partnership exists doing business under the name "London Properties". The circumstances in this case under which W. B. Phares is shown to be president of "London Properties, Inc." at the time of negotiations with plaintiff, together with all of the facts set out above, lead to the conclusion that services were performed at the request of and for the benefit of this defendant. We find no merit to the remaining points of error.

Affirmed.