David Navarette HERRERA, Leticia Bracknell Herrera & Jesus Nunez Mendoza, Appellants,

v.

The STATE of Texas, Appellee.

No. 60807.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 25, 1981.

Scott E. Segall, El Paso, for David Navarette Herrera.

Jerry Severson, El Paso, for Leticia Bracknell Herrera.

C. R. Kit Bramblett, El Paso, for Jesus Nunez Mendoza.

Steve W. Simmons, Dist. Atty., Leo B. Garcia and Travis R. Collier, Asst. Dist. Attys., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

Appeals are taken from convictions for robbery in which each appellant was tried jointly with the others before a jury; the trial court thereafter assessed the punishment of David Herrera at five years, and that of both Leticia Herrera and Jesus Mendoza at ten years confinement.

The identical indictments returned against appellants alleged that each did,

"while in the course of committing theft and with intent to obtain property of PEDRO ORTIZ GABALDON, to-wit: $25.00 in United States Currency, without the effective consent of the said PEDRO ORTIZ GABALDON of said property, did then and there intentionally and knowingly cause bodily injury to PEDRO ORTIZ GABALDON by striking him in the body and the head, . . . ."

All three appellants assail the sufficiency of the evidence to support the above allegations; specifically, it is contended, *inter alia*, that a fatal variance exists between the name of the injured party alleged in the indictment and the name given by the complaining witness in his testimony at trial.

The transcription of the court reporter's notes reveals that upon calling "Pedro Ortiz Gabaldon" to the witness stand, the prosecutor stated:

"Q: Would you state your name please sir?

A: Pedro *Gabaldon Ortiz*.[1]

Q: Sir, I am going to ask you to—see the mike doesn't work—speak to the jury. Mr. Ortiz, *is it Gabaldon or Ortiz?*

A: *Gabaldon Ortiz.*"

The record reflects one of the defense attorneys began his cross examination of the complainant thus,

"Q: Mr. Ortiz—

A: Yes.

Q: —*is that the correct name?*

A: *Gabaldon Ortiz.*"

Thereafter, this witness was referred to by all concerned as "Mr. Ortiz" or "Pedro Ortiz" throughout the remainder of the trial.[2]

In *Collins v. State*, 43 Tex. 577 (1875), the accused was indicted for committing theft of one bushel of dried peaches belonging to "Gabriel Carter." The evidence, however, established that the injured party was one "Carter Gabriel." It was there held that upon testimony by the complainant as to his name, the State failed to show that he had ever been known or called by another name before the indictment was returned; thus, characterizing the variance as "material" the Court reversed the conviction.

Similarly, in *Clements v. State*, 21 Tex. App. 258, 17 S.W. 156 (1886) it was held that the allegation contained in both the complaint and information was against "Clements Turner;" however, the evidence, verdict and judgment were against "Turner Clements." Observing there was nothing in the record to show that the party to be prosecuted was the same person convicted, the Court of Appeals held the evidence "wholly fails to support the verdict and judgment." 17 S.W., at 157.

Likewise, in *McKinney v. State*, 149 Tex. Cr.App. 452, 195 S.W.2d 365 (1946), it was held that "David Eugene Foster" fatally varied from "Eugene Foster Davis." On rehearing, the Court rejected the State's plaint and held:

"When the injured party testified that his surname was Davis it was sufficient to put the State on notice it was confronted with a variance unless by proof it could bring itself within that provision of [present Article 21.07, V.A.C.C.P.] as follows: 'When a person is known by two or more names, it shall be sufficient to state either name.' * * * [N]o evidence is found showing that he was known both as Foster and Davis."

In the case before us, the State argues that it is common in a country which does not practice the Spanish-Mexican custom of using both the father's and mother's surnames, for those surnames to be mistakenly reversed. But there is no evidence in the record to indicate this; neither is there evidence that if such were the case, the error is so common that Mr. Gabaldon-Ortiz was also known as Pedro Ortiz-Gabaldon. See and compare *Cerda v. State*, 33 Tex.Cr. App. 458, 26 S.W. 992 (1894). See also *Roach v. State*, 586 S.W.2d 866 (Tex.Cr.App. 1979); and *Murphy v. State*, 424 S.W.2d 231 (Tex.Cr.App.1968).

We accordingly hold the indictments and proof adduced at trial fatally vary so as to render the evidence insufficient to support the three convictions for the robbery of Pedro Ortiz Gabaldon as alleged; the judgments of conviction in this cause are reformed to reflect a judgment of acquittal. *Cox v. State*, 608 S.W.2d 219 (Tex.Cr.App. 1980).

It is so ordered.

---

1. All emphasis is mine unless otherwise indicated.

2. As appellate counsel for Leticia Herrera points out, the prosecutor referred to this witness as "Mr. Ortiz" no fewer than fifteen times during the presentation of evidence and final arguments.