Sylvester MALONE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 68609.

Court of Criminal Appeals of Texas,
Panel No. 2.

Oct. 21, 1981.

Discretionary Review Denied En Banc
Feb. 24, 1982.

On Rehearing April 14, 1982.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough, and Norma Davenport, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and TEAGUE, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On June 11, 1980, appellant entered a guilty plea before the court to the offense of felony theft. Punishment was assessed at six (6) years' imprisonment and a fine of $500.00. Imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions including "(a) Commit no offense against the laws of this or any other State or the United States."

On November 25, 1980, the State filed its first amended motion to revoke probation alleging that on or about October 16, 1980, the appellant committed the offense of theft of services, "namely, transportation in a taxi, owned by Powell Battle ... of the value of over $20.00 (twenty) dollars and under $200.00 (two hundred) dollars without the effective consent of the complainant ..." The motion also alleged that on the same date appellant was in possession of a controlled substance.

On December 18, 1980, the court conducted a hearing on said motion at the conclusion of which the court revoked probation on the basis of the commission of the offense of theft of services alone. The court found the other allegation not to be true. Sentence was imposed eliminating the five hundred dollar fine originally imposed. Notice of appeal was given.

On appeal appellant raises two grounds of error. He contends there was a fatal variance between the allegations in the revocation motion and the proof adduced. He contends the revocation motion alleges the complaining witness was Powell Battle when the proof shows the person was Paul Battell.

Paul Battell testified he was a taxi driver and was the victim of theft of services by the appellant on October 16, 1980. The first question on cross-examination was an inquiry as to how the witness spelled his

name. He replied, "B-a-t-t-e-l-l." During the revocation proceedings no question was raised as to the variance.

Reversal of conviction because of variance between allegation and proof of complainant's name is required if the names are patently incapable of being sounded the same. *Escobar v. State*, 578 S.W.2d 139 (Tex.Cr.App.1979).[1] In *Newson v. State*, 142 Tex.Cr.R. 47, 151 S.W.2d 225 (1941), a burglary case, the indictment alleged the owner of the house as being "A. F. Houston" and the proof showed the owner's name was "J. F. Houston." It was held that there was a fatal variance. See also *Garlington v. State*, 141 Tex.Cr.R. 595, 150 S.W.2d 253 (1941); *Marshall v. State*, 157 Tex.Cr.R. 340, 248 S.W.2d 931 (1952);[2] *Jackson v. State*, 419 S.W.2d 370, 371 (Tex. Cr.App.1967).

Powell Battle and Paul Battell are names which are patently incapable of being sounded the same. The names are not idem sonans.

Finding an abuse of discretion, the judgment is reversed and the cause remanded.

W. C. DAVIS, J., dissents.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

On original submission of this appeal from an order revoking probation, the Court held reversal was required due to a variance between the allegation and proof of the name of the complainant. Specifically, it was held, "Powell Battle and Paul Battell are names which are patently incap-

able of being sounded the same. The names are not idem sonans."

In reaching its decision, the panel on original submission overlooked the decision in *Martin v. State*, 541 S.W.2d 605, and two important rules announced there:

"We conclude that the resolution of questions involving the rule of idem sonans should be limited primarily to the trier of the facts. A trial judge or jury, having heard the pronunciation of the names in question by the parties involved, is in the better position to determine whether or not the names are or can be sounded the same; *Fowler v. State*, 379 S.W.2d 345 (Tex.Cr.App.1964); *Jones v. State*, supra; we will therefore refrain from disturbing on appeal a jury or trial court determination that names in question are idem sonans *unless evidence shows* that the names are patently incapable of being sounded the same or that the accused was misled to his prejudice. All decisions in conflict with the rule announced are hereby overruled." (Emphasis added. Footnote omitted.)

"Questions involving the rule of idem sonans must be raised in the first instance at trial. If the issue is raised for the first time on appeal, it will be treated as having been waived and will present nothing for review. Again, all decisions in conflict with the rule announced are hereby overruled."

The issue here was raised for the first time on appeal, so nothing is presented for review.[1]

The State's motion for rehearing is granted and the judgment is affirmed.

---

1. In *Escobar* the indictment alleged the complainant's name was Dan Wiederhold and proof showed his name to be Donald Ray Wiederhold. A fatal variance was shown.

2. In *Marshall*, a negligent homicide indictment alleged the deceased's name was Cecile Hunt. Proof showed the victim's name was in fact Lucille Hunt and a fatal variance was shown.

1. We also note that even if the merits were before the Court, the contention would be over-

ruled. Texans of German extraction still aware of the mother-tongue, and others familiar with that language, know that Paul is pronounced in German communities as pa-ool, sounding the same as Powell. Also, Houstonites, and others familiar with the well-known Houston department store Battelsteins, know the first two syllables of that name are regularly sounded the same as if spelled battle. Hence, Paul Battell and Powell Battle are not patently incapable of being sounded the same.

TEAGUE, Judge, concurring and dissenting.

I now find myself convinced that the names "Powell Battle" and "Paul Battell" are names patently capable of being sounded the same, and are idem sonans. I, must, therefore, join in Judge Odom's opinion on State's Motion for Rehearing.

However, I must dissent to the remainder of his opinion, because I still believe that this Court erred in its decision of *Flanagan v. State*, 620 S.W.2d 591 (Tex.Cr.App.1981), when it rejected my opinion that, if the name of the complaining witness and the name of the testifying witness are names patently incapable of being sounded the same, this is so fundamental to the law of allegata and probata that it constitutes fundamental error and may be raised for the first time on appeal.

On Appellant's Motion for Rehearing, in *Flanagan*, Id., Presiding Judge Onion, the author of the panel opinion in this cause, not only agreed with the majority of the panel opinion in *Flanagan*, Id., in which I dissented, but additionally stated that the names "Cecil Chatman" and "Cecil Chapman" are idem sonans. Today, however, he remains convinced that "Powell Battle" and "Paul Battell" are not idem sonans. How "Chatman" and "Chapman" are patently capable of being sounded the same and "Battle" and "Battell" are not capable of being sounded the same leaves one to express, "Color Me Amazed One More Time." See *Aldrighetti v. State*, 507 S.W.2d 770 (1974). However, because I believe that Presiding Judge Onion is correct in his opinion that the issue can be raised for the first time on appeal I join in his opinion, as well as Judge Clinton's opinion.

For the above reasons, I respectfully join in Judge Odom's opinion, and also join in Presiding Judge Onion's and Judge Clinton's respective opinions.

ONION, Presiding Judge, dissenting.

On the original panel submission it was held that "Powell Battle and Paul Battell

are names which are patently incapable of being sounded the same" and the names were not idem sonans.

The en banc majority now holds that since the issue was raised for the first time on appeal nothing is presented for review. *Martin v. State*, 541 S.W.2d 605 (Tex.Cr. App.1976), was cited. It was not overlooked for even in *Martin* it was noted that a determination below by a judge or jury that the names in question are idem sonans will not be disturbed on appeal "*unless evidence shows the names are patently incapable of being sounded the same or that the accused was misled to his prejudice.*"

In my opinion the names here in question are patently incapable of being sounded the same as pointed out in the panel opinion.

By holding that nothing is presented for review, the majority infers that the Powell Battle and Paul Battell are capable of being sounded the same. The only reasoning is found in footnote # 1 on the basis that "Paul" is pronounced in German communities as "Paool" sounding the same as "Powell." I didn't know until today that Harris County was a German community. Certainly the record doesn't support the same or show that the parties or others involved spoke German or even spoke English using German pronunciation. Further, the majority engages in some type of improper judicial notice as the pronunciation of the name of a Houston department store.

To me the question is not even a close one. I dissent and also wholeheartedly join Judge Clinton's dissent.

CLINTON, Judge, dissenting.

The opinion of the Court finds nothing is presented for review because, in its view, the *idem sonans* issue is "raised for the first time on appeal." But the rationale of opinions such as *McKinney v. State*, 149 Tex. Cr.R. 452, 195 S.W.2d 365 (1946) and *Herrera v. State*, 623 S.W.2d 940 (Tex.Cr.App. 1981) dictates that the issue be considered.[1]

1. "When the injured party testified that his surname was Davis it was sufficient to put the

State on notice that it was confronted with a variance..."

On original submission, a panel of the Court with one judge dissenting concluded that the name alleged—Powell Battle—was patently incapable of being sounded the same as the name of the complainant which was established by proof: Paul Battell. Holding the names are not *idem sonans,* the panel majority determined the names fatally varied and reversed the judgment.

The State's motion for rehearing aptly points out apparent conflicts in the cases dealing with the matter of "identity of person." Research reveals, however, not so much conflict in the authorities, as diligent efforts appropriately to dispose of the myriad nuances of the problem which may arise. Convinced that the decisions, when viewed in context, are in harmony, I turn to explicate that context.[2]

## I. *Identity of Person*

The general proposition of evidence on which to begin is that similarity of a name proved to the name alleged raises a rebuttable presumption that the "identity of the person" alleged is established. *Ex parte Moore,* 436 S.W.2d 901 (Tex.Cr.App.1968); *State v. Brown,* 257 S.W.2d 796 (Tex.Civ. App.—Austin 1953, no writ); *Chamblee v. Tarbox,* 27 Tex. 139 (1863); *London Properties, Inc. v. Vaccarello,* 493 S.W.2d 255 (Tex. Civ.App.—Beaumont 1973, no writ); *Eilar v. Theobold,* 201 S.W.2d 237 (Tex.Civ.App. —San Antonio 1947, no writ); see also 40 Tex.Jur.2d § 18 Names (1976). And it is well settled that *sound*—not spelling—controls the determination of whether names are similar. *Jackson v. State,* 419 S.W.2d

370 (Tex.Cr.App.1967); *Jones v. State,* 115 Tex.Cr.R., 27 S.W.2d 653 (1930); 40 Tex. Jur.2d § 21 Names (1976).

"The law does not take notice of orthography; therefore if the name is misspelled no harm to the prosecution can come from this, provided the name as written in the indictment is [of the same sound, or] *idem sonans,* as the books express it, with the true name."

*Henry v. State,* 7 Tex.App. 388, 392 (1879). *Goode v. State,* 2 Tex.App. 520, 524 (1877). "It is sometimes a nice matter to determine when the names are of the same sound; *and the courts do not, in this matter, hold the rule of identity with quite a strict hand.*"[3] *Foster v. State,* 1 Tex.App. 531, 533 (1877); *Jones v. State,* supra; *Martin v. State,* 541 S.W.2d 605 (Tex.Cr.App.1976); and see also *McRee v. Brown,* 45 Tex. 503 (1876).[4]

The presumption of "identity of person" arising from similarity of names may be rebutted by evidence disputing the identity, or when some suspicion is cast upon the controversy or transaction in issue. *Ex parte Moore,* supra; *State v. Brown,* supra; *Eilar v. Theobold,* supra. Neither is the presumption always sufficient to establish the fact of "identity of person;" supplementation with evidence may be necessary. E.g., *Shields v. Hunt,* 45 Tex. 424 (1876); see also 40 Tex.Jur. § 27 Names (1976); and *Henry v. State,* supra.

## II. *Appellate Review*

Irrespective of whether the party which has the burden of proof chooses to rely on

---

**2.** I deem it unnecessary to discuss the fundamental propositions underlying the entire analysis contained herein other than to posit that all the law requires with regard to the State's pleading the name of the injured party in its accusation, is a "description" which is sufficiently explicit to inform the defendant of "who are his accusers. . . ." 1 Chitty's Cr.Law, 211." *Owen v. State,* 7 Tex.App. 329, 336 (1879), quoting *Cotton v. State,* 4 Tex. 260, 265 (1849).

It thus follows, that once so described by pleading, it is incumbent upon the State to prove the name of that injured party "precisely as alleged, and, further that [material] variance between the name alleged and that proved is fatal" to the State's case. *Milontree v. State,* 30 Tex.App. 151, 16 S.W. 764, 765 (1891); *Bell*

*v. State,* 25 Tex. 574 (1860); *Perry v. State,* 4 Tex.App. 566 (1878); *Burgamy v. State,* 4 Tex. App. 572 (1878).

**3.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**4.** " . . . [I]t is undoubtedly true . . . that the stringency with which the rule as to variance between the cause of action declared on and the evidence offered to support it has been greatly relaxed by the more recent decisions, in the English as well as American courts, from the rigidity with which it was formerly adhered to and enforced. . . ." 45 Tex., at 506.

the presumption of identity of person which arises from similarity of names, or offer additional evidence in response to objection or contrary proof of the opposing party, there can be no doubt that when *any* variance exists, the ultimate determination of "identity of person" is a question of fact. *Jones v. State,* supra; *Pye v. State,* 71 Tex.Cr.R. 94, 154 S.W. 222 (Tex.Cr.App. 1913); *Weitzel v. State,* 28 Tex.App. 523, 13 S.W. 864 (1890); *Spoonemore v. State,* 25 Tex.App. 358, 8 S.W. 280 (1888); *Henry v. State,* supra; *Bell v. State,* 25 Tex. 574, (1860); and see generally *Martin v. State,* supra.

What patently underlies the modern controversy, however, is whether, in a criminal proceeding, the burden falls upon the State or the defense to cause this question of fact to be specially submitted to the arbiter of fact and, concomitantly, which party will bear the consequences of a total failure to so submit the issue. Research makes clear that there is no rote answer. Indeed, the matter is governed by much the same considerations as those determining the desirability of submission of many other specially requested charges.

Since the identity of the complainant is a question of fact on which the State carries the burden of proof,[5] if the defendant objects to the variance or a doubt is raised as to the identity of the complainant by testimony adduced from any source, the adequacy of the State's evidence in this regard has been placed squarely in issue.[6] Thus, the State would be well advised to offer evidence explanatory of the variance.[7] Cf. *Shields v. Hunt,* supra; *McKinney v. State,* supra. Thereafter, should the prosecutor believe the state of his evidence sufficiently establishes the identity of the complainant, he would do well to request an instruction, for if supported by the record a jury or other factfinding in his favor is insulated from appellate review. E.g., *Henry v. State,* supra. Conversely, the prosecutor who fails to request the issue, surely does so at his peril.[8] See, e.g., *Milontree v. State,* 30 Tex.App. 151, 16 S.W. 764 (1891).

On the other hand, should the accused believe the variance is material and the State's explanatory evidence absent or inadequate, he would do well to request that the issue be submitted to the jury in hopes

**5.** "A variance or omission in the name of the person injured by the commission of the offense is much more serious than a mistake in the name of the defendant in an indictment, as the latter can only be taken advantage of by a plea in abatement, while the former will be grounds for arresting the judgment when the error appears upon the face of the record, or for an acquittal when a variance arises on the trial." *Foster v. State,* supra, at 532.

**6.** See *Herrera, et al,* 623 S.W.2d 940 (Tex.Cr. App.1981); *Milontree v. State,* supra; *McKinney v. State,* supra; and n. 2 *ante.*

**7.** For example, in *Brown v. State,* 171 Tex.Cr.R. 692, 353 S.W.2d 425 (1961), evidence established that at the time of the offense, the complainant was known by the name alleged in the indictment. And in *Goode v. State,* supra, the State proved the complainant could not spell her own name and the variance was thus explained.

See also *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979) in which the complaining witness was alleged in the indictment to be "Ken Bercaw," while the person called to the stand gave his name as "M. K. Bercaw." On the appellant's challenge to the sufficiency of the evidence, the Court observed,

"The record reflects that when the prosecuting attorney called the witness in question to the stand *he referred to him as 'Ken Bercaw.'* The record also reflects several *references by defense counsel to 'Ken Bercaw.'*"

Of course, such acquiescence reflected by the record is adequate to indicate the witness was also known as "Ken Bercaw," notwithstanding the fact that he gave only first and middle initials when called to the stand. Accord *Herrera,* supra; Article 21.07, V.A.C.C.P.

**8.** In *Gorman v. State,* 42 Tex. 221, 224 (1875), the Court made a timeless observation: "... [I]t may be that [the discrepancy in the victim's name between the indictment and the statement of facts] is the result of inadvertence or carelessness in preparing the transcript. The judgment of the Court, however, cannot depend on speculations or probabilities as the correctness or accuracy of the transcripts upon which we are required to act. If they are erroneous it is the duty of the parties interested in, or to be affected by them, to point out their errors, and to take the proper steps for their correction. When this is not done, evidently the Court must treat, and act upon them, as being in all things correct, as certified by the clerk."

of an acquittal at trial.[9]  Compare, e.g., *Weitzel v. State*, supra, with *Jones v. State*, supra;  and see also *Martin v. State*, supra.

But if neither party, nor the trial court *sua sponte*, suggests submission of the issue, this Court will not disturb a conviction without a showing that the names are patently incapable of sounding the same *or* absent a *clear* revelation by the record that the variance is such as to mislead or prejudice the accused in the preparation of his defense, and is therefore a "material" variance.  *Martin v. State*, supra; *Escobar v. State*, 578 S.W.2d 139 (Tex.Cr.App.1979), *Jones v. State*, supra.[10]  Cf. *King v. State*, 594 S.W.2d 425 (Tex.Cr.App.1980) [wherein deletion from indictment of name of one living victim of capital murder alleged held prejudicial to accused's opportunity to prepare defense where record reflected victim was primary accuser at trial].

Thus, if the record reflects that as well as the name he has given in testimony the complainant is also known by the name alleged in the indictment, though they be different in sound and spelling, the variance is immaterial.  *Carrillo v. State*, supra; *Brown v. State*, 171 Tex.Cr.R. 692, 353 S.W.2d 425 (1961); *Pye v. State*, supra; *Henry v. State*, supra.

Further, where both names in issue are of the same derivation, or if one of the names is a diminutive, an abbreviation, or "corruption" of the other, "but both are taken promiscuously and according to common use to be the same, though differing in sound, the use of one for the other is not a material misnomer."  *Goode v. State*, supra;  see *Ex parte Elliott*, 542 S.W.2d 863 (Tex.Cr. App.1976).  Similarly, any variation between middle names, middle initials, titles such as Mr., Mrs., etc. or other designations such as Sr. or Jr., are immaterial.  *Martin v. State*, supra, and cases cited there.

When the name as alleged is merely misspelled, no harm comes so long as it is *idem sonans* with the true spelling, because the law does not regard orthography.  *Pye v. State*, supra;  *Henry v. State*, supra.  *Pye v. State*, supra, 154 S.W. at 224, quoted Mr. Bishop:

"In reason, on a question not much discussed in the books, the court or jury should determine the pronouncement of the misspelled word in light of the rule that, of two or more not unreasonable interpretations of an indictment, the one shall be adopted which sustains the proceedings, so that, *if the misspelled name can fairly be pronounced substantially the same as is the true one, there is no variance.*"

This, it is held, is the best rule.  The greatest liberality should attend the determination of whether the variant names in issue are *capable* of being sounded alike, and, if so, the discrepancy between the pleading and proof will be disregarded as immaterial;[11] "the true rule being that the mis-

---

9. It should be borne in mind that *any* variance, whether later determined to be material or not, raises a question of fact which should be submitted to the jury on request.  E.g., *Weitzel v. State*, supra; *Bell v. State*, supra;  but see *Spoonemore v. State*, supra.

   The opinion in *Grant v. State*, 568 S.W.2d 353 (Tex.Cr.App.1978), without indicating who initiated the instruction, noted "there was no evidence that 'Mary' and 'Marion' may be pronounced the same, and no evidence to support the jury charge." Accordingly, the Court, writing through Judge Odom, held "that the names are patently incapable of being sounded the same, and reverse[d]." *Cox v. State*, 608 S.W.2d 219 (Tex.Cr.App.1980) presents a mirror image of *Grant* in that "there was no evidence that 'Erma' and 'Emma' may be pronounced the same, and no evidence to support the jury charge," and the Court concluded "the names are not idem sonans." Implicit here is that the ultimate burden of proof remains with the State.

10. "A variance is not now regarded as material unless it is such as might mislead the defense, or might expose the accused to the danger of being put twice in jeopardy for the same offense. * * * Modern decisions conform to the rule that a variance, to be material, must be such as to mislead the opposite party to his prejudice...." *Jones v. State*, supra, 27 S.W.2d at 656.

11. See, e.g., *Martin v. State*, supra, wherein discrepancy involved only complainant's given name alleged as "Dianna" while transcription reflected "Dina." Implicit in the Court's opinion is that these names are *capable* of being sounded *substantially* the same.

spelling, to be material, *must have changed the word intended into another word having a different meaning."* *Pye v. State,* supra, at 225. See also *McRee v. Brown,* supra; 40 Tex.Jur.2d § 21 Names (1976); cf. *Walker v. State,* 13 Tex.App. 618 (1883).

### III. *Application to Instant Case*

The first question asked the injured party by defense counsel on crossexamination regarded the spelling of his name. He replied, "B-a-t-t-e-l-l." It is well settled and, indeed, reaffirmed *ante* that evidence adduced at trial which establishes a material name to be other than as alleged, places the State on notice that it confronts a variance which, if not merely due to misspelling, must be explained by evidence. *Herrerra et al v. State,* 623 S.W.2d 940 (Tex.Cr.App. 1981); *Clements v. State,* 21 Tex.App. 258, 17 S.W. 156 (1886); *Collins v. State,* 43 Tex. 577 (1875); see and compare *Cerda v. State,* 33 Tex.Cr.R. 458, 26 S.W. 992 (1894); see also *Roach v. State,* 586 S.W.2d 866 (Tex.Cr. App.1979); and *Murphy v. State,* 424 S.W.2d 231 (Tex.Cr.App.1968). But here there is no explanation, and throughout every mention of complainant by name called him "Mr. Battell" or "Paul Battell." [12] See *Herrera v. State,* supra, at 941, n. 2.

The issue of whether "Powell Battle" is merely a misspelling of "Paul Battell" which is capable of being sounded the same was not specially submitted by either party to the trial court for a factfinding. Without benefit of such finding by one who heard the name pronounced at the hearing, this Court must consider the issue waived by appellant absent a clear revelation by the record as it is before us that no degree of reasonable interpretation of the motion to revoke can sustain the proceedings. *Martin v. State,* supra; *Pye v. State,* supra.

Clearly, the names involved here, both the first and last names of each, are unrecognizable as mere misspellings, intended to identify one and the same person. Neither are they capable, under any standard dictionary pronunciation, of sounding the same. In short, when the State drafted the motion to revoke, if the intent was to allege the victim was "Paul Battell," the resulting allegation of "Powell Battle" was a permutation.[13] Under the state of the record, this Court is in no position to speculate or presume that the allegation was an error. But, even assuming it was an error, the name intended was transformed into a completely different one; thus, if an error, it exemplifies on its face what is meant by one which is such as to mislead the presumptively innocent accused in the preparation of his defense.[14] In sum, of all the

**12.** Thus, in her argument to the court the prosecuting attorney pointed out that "Mr. Battell who testified made a positive identification of this man...," and deciding the evidence was sufficient to support the motion to revoke the trial judge expressly found appellant did "secure service, namely transportation by a taxi owned by Paul Battell... without the effective consent of the said Paul Battell..." Indeed, there is absolutely no testimony from any witness that the name of the complainant is "Powell Battle," so in making that finding the trial judge seems to have confirmed the obvious variance.

**13.** In *Grant v. State,* supra, at 354, Judge Odom explained for the Court that "the misspelling effectively transforms the name 'Mary' into a wholly distinct appellation, i.e., Marion."

**14.** The State's contention that the materiality of the variance, to be recognized by us, must be somehow demonstrated by the appellant, is unpersuasive in the instant case. It is true, however, that in some cases the accused will be required to affirmatively spread upon the record what is *not* otherwise *apparent*: that he was misled by the State's pleading or surprised by the State's varying evidence. E.g., *Martin v. State,* supra. But here, the materiality of the variance is patent and unexplained by the State. It is for this reason that we should not approve a rote application of any rule.

Given the premise that the circumstances of each case determine that outcome, the State is incorrect in its assertion that our conclusion in the instant case conflicts with *Carrillo v. State,* supra, where the record revealed the variance to be immaterial, and this Court correctly so held. (See n. 6, *ante.*)

The State relies on *Flanagan v. State,* 620 S.W.2d 591 (Tex.Cr.App.1981) as originally decided; however, on rehearing the Court noted: "No one asked the witness to spell his name..." *id.,* at 597. But here that very occurrence is in the record, like in, e.g., *Grant* and *Cox,* both supra. Similarly, there is no evidence that the complaining taxi driver had ever been known by the name "Powell Battle."

evidentiary rules discussed here which have been manifestly designed to inure to the benefit of the State in meeting its burden of proof, none can be so applied.

Accordingly, the variance between the allegation of the complainant's name in the State's motion to revoke and that of the State's complaining witness established at the hearing is material, rendering the State's evidence insufficient to support the allegation.

The State's motion for rehearing should be overruled.

ONION, P. J., and ROBERTS, J., join.